# Preiss *v.* Campbell.

*A Bill to Enjoin Sale of Homestead Conveyed by Mortgage.*

1. *A mortgage of the homestead prior to April 23d, 1873, is a valid conveyance.*—A mortgage of the homestead, executed by the husband and wife prior to the act approved April 23d, 1873, and acknowledged by both according to the requirements of the statute, is a valid conveyance of the homestead.

2. *Actual occupation of the premises as a homestead is essential to the right of exemption.*—Actual occupancy of the premises as a dwelling-place is essential to the right of homestead; and when the right is asserted to exist in particular premises, the fact must be averred and proven, and it must also be shown that the premises are capable of use as a dwelling-place.

3. *Debts contracted prior to 1868 are not affected by exemptions under the constitution of 1868.*—Under the constitution of 1868 an exemption of a homestead or of personal property can be claimed only against debts contracted after its adoption. Prior debts or liabilities are not affected by these exemptions.

4. *A mortgagor can not enjoin the sale of land not embraced in the mortgage.*—A mortgagor can not maintain a bill to restrain the sale under a mortgage, of land not conveyed by it. The purchaser at the sale could only take the land mortgaged. Such a sale can not cast a cloud on the title of land not included in the mortgage.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. HURIOSCO AUSTILL.

John A. Campbell filed in the Chancery Court of Montgomery a bill of complaint, praying for a writ of injunction against Philip Preiss, restraining him from selling land described in a mortgage which had been assigned to him.

The bill of complaint alleged, that on the 9th day of February, 1871, the complainant and his wife had executed a mortgage of land, therein described, to Matthew C. Stokes, to secure the payment of a bill of exchange. The debt and mortgage had been assigned to the defendant.

Subsequently, the complainant selected a part of the land mortgaged as his homestead. And when, under the power of sale contained in the mortgage, the defendant, Preiss, advertised the premises for sale, the complainant, alleging the foregoing facts in his bill, prayed for a writ of injunction enjoining the sale.

The defendant, Preiss, in his answer, stated that the said

land was sold on the 20th day of May, 1872, by the sheriff of said county, under judgments rendered against said Campbell. That one of the judgments was in favor of the defendant, and that he purchased the land at said sale, and the purchase-money was applied to the satisfaction of executions on judgments older than his own. After the purchase at the sale the respondent was compelled to buy the mortgage from said Stokes in order to protect his own title and interest in the premises. The defendant also alleged that the sale by the sheriff of said land was made subject to the claim of homestead of the complainant; and "that after repeated delays on the part of said Campbell, and continued efforts by this respondent to compel him to make a selection, Campbell, at last, in November, 1878, selected the lands which are above described as his homestead exemption, and the same were duly allotted to him. More than two years having elapsed since the date of said sheriff's sale, and no offer to redeem any portion of said lands having been made, respondent's title to all of said land, except that embraced in said homestead exemption, having become perfect, he desired by a sale to foreclose said mortgage on that portion of said land embraced in said exemption." The respondent prayed that his answer might be considered as a cross-bill; and also demurred to the bill of complaint on the grounds: "That there is no equity in the bill, and because complainant does not offer to pay into the court the balance of the debt for which, under the facts stated in said bill, said exempt lands are liable."

The court overruled the demurrer, and decreed that the complainant was entitled to relief.

J. W. SHEPHERD, for appellant.

ARRINGTON & GRAHAM, for appellee.

BRICKELL, C. J.—The first point on which we suppose it was intended the equity of the bill in this case should depend has been decided adversely to the complainant in several cases at the last term.—*Miller v. Marx*, 55 Ala. 322; *Coleman v. Smith*, ib. 369; *Weber v. Short*, ib. 311; *Lyons v. Conner*, 57 Ala. 181. Under the authority of these cases, we must hold if the mortgage to Stokes, executed in 1871 (prior to the act approved April 23, 1873), was an alienation of the homestead, being acknowledged by the mortgagor and his wife in the form prescribed by the

statute for the acknowledgment of conveyances generally, it was a valid and operative conveyance of the homestead.

The remaining question is whether the mortgagor, as against the purchaser of the equity of redemption at sheriff's sale, who becomes the assignee of the mortgage, is entitled to a homestead, and can compel the assignee to foreclose the mortgage, *first*, on the lands not claimed as a homestead, and for the relief of the latter. We do not propose to consider or decide that question, as in our judgment it is not presented by the record. It is a *homestead; the home;* around which the constitution and laws throw their protection. Occupancy, actual and in fact of the premises, as a dwelling-place, is essential to the right of homestead; and when the right is asserted to exist in particular premises, the fact must be averred and proved; and it must also be shown the premises are capable of use as a *homestead*, as a *dwelling-place.—McConnaughy v. Baxter*, 55 Ala. 379.

Neither fact appears from the pleadings or proofs in this case. No occupancy of the premises as a *home*, prior to the issue of the executions and their delivery to the sheriff, when liens attached, is averred or proved. For aught that appears at and prior to that time, the home of the appellee was elsewhere, and he was quickened into activity, in a claim or selection of the premises as a homestead, by the levy and sale under the executions.

The averments of the bill, are, "that orator has selected and claimed as his homestead, under the constitution and laws of Alabama, the following real estate, lying in said county, to-wit: "(describing it), containing one hundred and sixty acres. of which he has been in possession as owner, since November, 1873; and during which time he has held and claimed said one hundred and sixty acres as his homestead exemption," &c. The sale by the sheriff under the executions, was made in May, 1872; and at that time, a homestead of eighty acres only could be claimed as exempt. The act of April 23, 1873, first enlarged the homestead to one hundred and sixty acres; but it could not operate retrospectively, diminishing the rights of purchasers; or of creditors, who had by sales under execution, enforced their existing rights. The claim of a homestead of one hundred and sixty acres, was without foundation. The bill, nor the evidence furnish the basis of a decree for a homestead of eighty acres; the only homestead which in any event, could be claimed by the appellee. No such homestead seems to have been claimed or selected.

Again, under the constitution of 1868, an exemption of a homestead, or of personal property, can be claimed only as against debts contracted after its adoption. Prior debts, or liabilities, are not affected by these exemptions. It does not appear, either by averment, or evidence, that the debts or demands, on which the executions were founded, were not contracted, or existing prior to the adoption of the constitution of 1868. This fact is also an essential element of the right of homestead, and should be averred, unless from the lapse of time, after the adoption of the constitution, a presumption would arise against the prior existence of the debt.— *Wilson v. Brown,* 58 Ala. 62. As to a small portion of the lands in controversy, described in the bill as " twelve and a half acres in northwest corner of northwest quarter of section thirty-six," there seems to be a question of fact between the parties, as to whether it is or is not included in the mortgage, the bill alleging that, though advertised for sale under the mortgage by the defendant, it is not in fact conveyed by it, while the answer, denying this averment, states that the tract mentioned in the advertisement as containing twelve and a half acres, and situated in the northwest quarter of that section, is not the tract of similar size, which was expressly omitted from the mortgage and also from the sheriff's deed. The two descriptions are not identical, and there is nothing in the record which enables us to say that they refer to the same strip of land. But however the fact may be the equity of the bill could not be sustained simply on account of the alleged attempt by the defendant to sell under his mortgage a parcel of land which was not conveyed by it. The purchaser at the mortgage sale would of course get no title, and his deed would not be a cloud on the title to the parcel of land so sold, while the price bid and paid for it would contribute to the payment of the mortgage debt.

The decree of the chancellor is reversed, and a decree must be here rendered dismissing complainants' bill at his cost in this court and in the court below.