# Hardy *v.* Sulzbacher & Bro.

### *Appeal from Order to Sell Lands Claimed as a Homestead.*

1. *Exemption of homestead; amount of in* 1871.—There was no law of force applicable to homestead exemptions against debts contracted in 1871, except the Constitution of 1868, which exempted eighty acres as a homestead, and no more.

2. *Same; what order to sell lands claimed should contain.*—Where the debtor claims as a homestead more than he is entitled to, the court should compel him to select the amount he is entitled to claim, and order a sale of the balance, and an order to sell the whole tract, except the homestead of the proper amount, without specifying what lands shall constitute such homestead, is erroneous.

APPEAL from Dallas Circuit Court.

Tried before Hon. GEORGE H. CRAIG.

The appellees, A. Sulzbacher & Bro., having obtained two judgments against the appellant, T. A. Hardy, before a justice of the peace, and executions issued thereon having been levied on certain lands belonging to him, amounting to one hundred and fifty-five acres, moved in the Circuit Court for an order to sell said lands. Hardy appeared and filed his claim to the land as exempt as his homestead. The bill of exceptions recites that the plaintiff established, by evidence to the satisfaction of the court, that the said debts so in judgment, were contracted by the defendant with the plaintiff in 1871, and thereupon the said plaintiff moved the court for an order to sell the said lands described in the said motion, except as to the homestead of defendant, not exceeding eighty acres, which motion the court granted, and then and there ordered that the said lands, in said motion described, over and above eighty acres, be sold to satisfy the plaintiff's said judgment; and the defendant excepted, and now assigns as error the rendition of the judgment, and the order to sell the lands, without specifying the portion to be held as exempt.

REID & MAY, and WATTS & SONS, for appellant.

STERRETT & MABRY, *contra.*

No briefs came into Reporter's hands.

STONE, J.—The main question presented by this record is, whether, under the facts of this case, Hardy was entitled to a homestead of 160, or only 80 acres. The record recites that the plaintiff " established by evidence to the satisfaction of the court, that the said debts so in judgment, were contracted by the defendant with the plaintiff in 1871." There was no law of force, applicable to homestead exemptions, against debts contracted when these were, except the Constitution of 1868, which exempted 80 acres as a homestead, no more.—Const. of 1868, Art. 14, Sec. 2. The Circuit Court ruled rightly in fixing the quantity of appellant's homestead at 80 acres.— *Wilson v. Brown*, 5 Ala. 62 ; *Gunn v. Barry*, 15 Wal. 610 ; *Miller v. Marx*, 55 Ala. 322 ; *Nelson v. McCreary*, 60 Ala. 301.

It is also assigned as error that the Circuit Court should not have ordered a " sale of the lands described in the levy of the sheriff, except eighty acres which is claimed by the defendant, and allowed under the Constitution of the State of Alabama ; " but should have designated what particular lands were exempt, and what lands should be sold. The bill of exceptions recites that the " plaintiff moved the court for an order to sell the said lands described in the said motion, (the whole tract,) except as to the homestead of the defendant, not exceeding eighty acres, which motion the court granted." And thereupon the court proceeded to render the judgment which is copied in quotation marks above, without further specification of what should constitute the exempt homestead. It is manifest that a sheriff, selling under this order, could not know what he was selling, and the purchaser could not know what he was buying. Hardy, the claimant of the homestead, should have been put to his selection, and the order of sale should have been made to specify what lands the sheriff should sell. If, on being inquired of, Hardy refused or failed to make his selection, we will not say he would not thereby forfeit his homestead, for the only claim he had previously made was of the whole tract of 155 acres. This, we have seen, he was not entitled to.—See *Preiss v. Campbell*, 59 Ala. 635.

Reversed and remanded.