# Snedecor *v.* Freeman.

## *Ejectment.*

1. *Homestead exemption in favor of tenants in common.*—Under the constitution of 1868, the right of homestead exemption attaches to lands owned and occupied by tenants in common; but the area of the homestead is not enlarged on account of their fractional interests in the land, so as to make up in quantity what is wanting in extent of ownership.

2. *Same; extent of.*—Where two tenants in common, entitled to homestead exemptions under the constitution of 1868, owned an undivided one-eighth interest each in a tract of land containing four hundred acres, and resided on the land, each on a separate eighty acre subdivision, their homesteads can not exceed an undivided one-eighth interest in eighty acres of the land each, to be so selected as to include their actual places of residence; and hence, neither of them can claim an exemption of his entire interest in the whole tract, although it amounted to less than eighty acres.

3. *Same; validity of mortgage executed without signature and assent of wife.*—As the homestead of the two tenants could not collectively embrace more than their interests in one hundred and sixty acres of the land, a mortgage jointly executed by them, purporting to convey the entire tract, is not void as to their interests in the balance of the tract, because it did not receive the voluntary signatures and assents of their wives.

4. *Same; when can not be recovered in ejectment against party in possession claiming under mortgage.*—Such tenants, having removed from the land after the execution of the mortgage, and the land having been sold under a power contained in the mortgage after their removal, can not recover in an action of ejectment brought by them against a party in possession claiming under the purchase at the mortgage sale, on the ground that the mortgage conveyed their homesteads, and, not having been executed by their wives, was void, in the absence of all evidence tending to show that they had ever selected or set apart their homesteads.

5. *Ejectment; when outstanding title in a stranger a defense.*—A party in possession of land, claiming under a purchaser at a sale made by a transferee of a mortgage under a power contained therein, can successfully defend an action of ejectment brought by the mortgagor for the recovery of the land, although the transfer of the mortgage and the sale under the power were so irregular as to convey only the mortgage interest, and not the legal title. In such case, the defendant is not a naked trespasser, but holds possession under claim, if not color of right; and so holding, it

VOL. LXXI.

[Snedecor v. Freeman.]

is enough to defeat the plaintiff's action for him to show an outstanding title in a stranger.

APPEAL from Greene Circuit Court.

Tried before Hon. WM. S. MUDD.

The facts bearing upon the principal questions raised by the record, and decided by the court, are sufficiently stated in the opinion. The appellant, the defendant in the lower court, claimed under a mortgage executed by the appellees and another to Asa Johnson, in January, 1873. As shown by secondary evidence, after the loss of the writing was proved, this *mortgage* was transferred in writing by Johnson to Joel W. Jones & Co.; but the evidence does not show that the *debt* sesured by the mortgage was also transferred. The mortgage gave the mortgagee "authority to take posesion of said property at any time after the maturity of said debt, and sell the same for cash, after ten days' notice, for the satisfaction of said debt, in case the same shall not be paid on or before it falls due, at such place as he may deem proper." On 6th September, 1875, after default, Jones & Co., and the administrator of the estate of Johnson (Johnson having died after he made the transfer), jointly sold the land conveyed by the mortgage under the power of sale, and at the sale they were bid off by, and conveyed to one Roberts, who shortly thereafter re-conveyed to Jones & Co. At the time of the sale one Neal "was in the adverse possession" of the lands, upon whom no demand was made for them prior to the sale. Afterwards Jones & Co. recovered the lands from Neal in an action of ejectment, and sold them to the appellant, executing to him a bond for title, and putting him in possession.

The court charged the jury, *ex mero motu,* "that if they believed from the evidence, that the plaintiffs, Jack Freeman and Alfred Freeman, had wives and actually occupied said lands, and had their separate homesteads thereon, at the time the said mortgage relied on by defendant was executed, and their said wives did not join in said mortgage, then the said Alfred and Jack were each entitled to recover an undivided fifty acres out of the tract of four hundred acres in controversy, or an undivided one-eighth interest in said tract of four hundred acres, together with one-eighth of the fair rental value of said lands during defendant's possession." To this charge the defendant excepted, and asked the court in writing to give to the jury the following charges, each of which the court refused, and he excepted, to-wit: 1. "If the jury believe the evidence in this case, they must find for the defendant." 2. "That if the plaintiffs, Jack Freeman and Alfred Freeman, have never made any selection of a homestead, and no homestead has ever, in

[Snedecor v. Freeman.]

any way, been set apart or designated, then the invalidity of the mortgage offered in evidence on account of its not being signed by the wives, can not be set up by them in this suit." 3. "If the jury find that the plaintiffs, Alfred Freeman and Jack Freeman, after the mortgage to Johnson was executed, and before it was foreclosed, voluntarily left the possession and occupancy of said lands, with no fixed intention of returning and occupying them as a homestead; and if they further find that no selection of a homestead was made by them, and none had been otherwise claimed, designated, or set apart to them at or before the execution of said mortgage, or since, then the rights of homestead were waived, and they can not set up the invalidity of said mortgage, because not signed by their wives."

The charge given and the refusal of the court to charge as requested are here assigned as error.

J. B. HEAD, for appellant. (1) It is well settled that whilst a tenant in common may claim a homestead in the common property, he can claim only the given number of acres specified in the exemption law, and is entiled to no more to compensate for fractions of ownership.—*McGuire v. VanPelt*, 55 Ala. 344, and later cases. (2) The plaintiffs are not entitled to recover any portion of the land, because there was no selection or other identification of the eighty acres claimed as a homestead, either before or at the time of the trial. It was impossible for the jury to allot a homestead, under the evidence, for they could not know exactly where the dwelling was situated, nor was there any evidence upon which they could act as to the value of the whole land or of any particular eighty acres. (3) There is nothing in the objections taken to the manner in which the mortgage was foreclosed. Conceding that it was irregular, or even invalid to pass the legal title, yet it would amount to an assignment of the mortgage, in equity, which is sufficient to connect Snedecor with the legal title, and show that he is not a trespasser. The plaintiffs must recover, if at all, on the strength of their own title; and the legal title being out of them, and defendant being connected therewith, there can be no recovery. *Bernstein v. Humes*, 60 Ala. 582.

GREEN B. MOBLEY, *contra.* (1) The appellees were entitled to their respective interests in the lands in controversy, as their homestead exemptions. The interest of each was an undivided one-eighth, or less than the number of acres exempted to them by the constitution. This case is distinguished from that of *McGuire v. VanPelt*, 55 Ala. 344. In that case both mortgagors lived in the same house, and, of course, there being but one *home-place*, there could be but one *homestead*. In this case,

[Snedecor v. Freeman.]

however, there were two different and distinct home-places. See Freeman on Executions, § 243. (2) The homestead, whether a fee or any lesser interest in lands, can not be aliened without the voluntary signature and assent of the wife. Cons. 1868, Art. 14, § 2; *Watts v. Gordon*, 65 Ala. 546; *Halso v. Seawright*, 65 Ala. 431. See also 55 Ala. 344; 56 Ala. 340; 58 Ala. 62; 60 Ala. 302. The mortgage in this case was, therefore, void. (3) The mortgage being void, it could not afterwards become a valid conveyance. There was no necessity for any *claim* or designation of homestead. This case was before this court at a former term and is reported under the title of *Bradshaw v. Emory*, 65 Ala. 208. On that appeal plaintiffs' title was held good. (4) The record shows that the sale was made when the lands were in the adverse possession of one Neal. The mortgage required that the mortgagee should take possession before selling. The sale and conveyance made thereunder are, therefore, void. 2 Jones on Mort. § 1782; 7 Gray, 243; 97 Mass. 459. (5) The evidence shows that the mortgage was transferred to Jones & Co. Who then owned the debt? can the assignee of a mortgage exercise the power of sale, where another owns the debt?—Code of 1876, § 2198; 50 Ala. 198; 65 Ala. 285; *Ib.* 593.

STONE, J.—In this case several ejectments, being for the recovery of undivided interests in the same lands, were by consent tried together. The two plaintiffs, Jack Freeman and Alfred Freeman, recovered in the court below, and rulings in their cases raise the questions which are presented for our decision. Each sued for one-eighth undivided interest in a tract of four hundred acres—equal to fifty acres each—and each recovered a one-eighth undivided interest in the whole tract, and one hundred dollars as rents or mesne profits. We are not informed what became of the other suits.

The testimony tends to show that the two Freemans, Alfred and Jack, jointly purchased, together with four other named parties, the tract of four hundred acres, on an agreement expressed in the contract of purchase that Alfred and Jack were each to have fifty acres, and the other four purchasers each seventy-five acres. There was no partition or division of the lands, but they were held and occupied by the purchasers as tenants in common. This possession and common occupancy commenced about 1870 or 1871, and continued until the spring of 1874, when they all removed from the land, and have never returned to it. During the common occupancy there were on the premises three dwellings or cabins. One was occupied by a person not shown to have or claim any interest in the land. The remaining two were occupied severally as homesteads by

[Snedecor v. Freeman ]

Jack and Alfred Freeman, who were married men and had families. They resided three or four hundred yards apart, and on separate eighty-acre sub-divisions of the tract. They were thus occupying when the mortgage was executed, under which the claimants justify their possession.

In January, 1873, Jack and Alfred Freeman, with one other of the tenants in common, executed a mortgage to Asa Johnson, to secure a recited debt for advances to make a crop. This mortgage purported to convey the whole land, but neither wife of the several grantors joined in the mortgage. It will be observed that this mortgage was executed before the quantity of the homestead exemption was enlarged to one hundred and sixty acres by the statute of April, 1873. Hence, the quantity of the homestead these grantors could claim could not exceed eighty acres each.

In *McGuire v. VanPelt.* 55 Ala. 344, and in *Blum v. Carter*, 63 Ala. 235, the question of homestead arose on the title of a tenant in common. We settled in those cases that the fractional ownership of the claimant of homestead did not enlarge the area of its operation, so as to make up in quantity, what is wanting in extent of ownership. We ruled that the homestead claim is limited to the quantity the statute or constitution prescribes; and that the claim is valid only for such interest, both in extent and duration of ownership, as the claimant owns. If the ownership be fractional, or less than a fee, then the exemption is fractional, and continues only so long as the title of the owner and occupant lasts. The homesteads in these cases being governed by the constitution of 1868, and in quantity not to exceed eighty acres, it follows that whatever homestead interest the plaintiffs could claim in these cases, must be confined to the extent of ownership each of them had in a separate eighty acres. The testimony shows they were each of them entitled to an undivided one-eighth interest in the tract; therefore, the homestead can not exceed an undivided eighth interest in eighty acres, so selected as to include the actual homestead of the claimant. In overlooking the principle declared above, the Circuit Court was betrayed into some important errors. The whole tract of land contained four hundred acres, and it is not shown it was ever partitioned. The claims of these plaintiffs are each limited to eighty acres—one hundred and sixty acres for the two. Whatever interest they had in the remaining two hundred and forty acres, they could not claim as homestead.

It is contended for appellees that there were gross irregularities in the transfer of the note and mortgage made to Johnson, and in the sale and conveyance under it. On this account it is alleged that the defendants are in possession under no valid title, and therefore the Freemans can recover on the strength

[Ragland v. Wood.]

of their original ownership. We consider it unnecessary to pass on the regularity of the transfer of the note and mortgage, and of the sale and conveyance under the latter. They at least conveyed the mortgage interest, and are enough to show that Snedecor was in possession under claim, if not color of right. He was not a naked trespasser. Holding under claim of right, it was enough to defeat the plaintiffs' action for him to show outstanding title in a stranger.—*Scranton v. Ballard*, 64 Ala. 402.

Another important question arises. The conveyance by the Freemans was of the entire tract of four hundred acres. The two homesteads could not, collectively, embrace more than one hundred and sixty acres. As to two hundred and forty acres, the conveyance was not void.—*McGuire v. VanPelt, supra.* The record contains no evidence that the homesteads had ever been selected by the claimants. This was a necessary prerequisite to the right to sue for them. *Preiss v. Campbell,* 59 Ala. 635; *Nelson v. McCrary,* 60 Ala. 301; *Hardy v. Sulzbacher,* 62 Ala. 44; *Martin v. Lile,* 63 Ala. 406; *Garner v. Bond,* 61 Ala. 84.

The judgment of the Circuit Court is reversed, and the cause remanded.