[Butts v. Broughton.]

# Butts *v.* Broughton.

*Bill in Equity for Redemption under Mortgage.*

1. *Revision of chancellor's decision on facts.*—This court will not disturb the chancellor's decision on a disputed question of fact, when the record does not clearly show that he erred.

2. *Usury in mortgage debt; who may plead.*—It may be seriously questioned, under the decisions of this court, whether a mortgage can be impeached on the ground of usury in the secured debt, by any other person than the mortgagor himself, or his personal representative; though the current of modern authority supports the contrary view.

3. *Bill to redeem; who may file.*—A bill to redeem under a mortgage may be filed by any one who owns the mortgagor's equity of redemption, or any subsisting interest therein, by privity of title with him, whether by purchase, inheritance, or otherwise; and under this principle, the widow of the mortgagor, who joined with her husband in the execution of the mortgage, and who claims a homestead in the premises, may be joined with the heirs in a bill to redeem.

4. *Alienation of homestead; signature and acknowledgment by wife.* Under the provisions of the constitution of 1868, prior to the passage of the act approved April 23, 1873, a mortgage, or other alienation of the homestead, acknowledged by husband and wife, and certified in the form prescribed by the statute for ordinary conveyances, was sufficient to convey the homestead.

5. *Same; equitable mortgage created by recital in note.*—A declaration and recital in a promissory note, executed by a mortgagor to the mortgagee, that it "shall be covered by the mortgage," or "shall be subject to the mortgage," shows an intention to make the mortgage a valid security for the debt, and creates an equitable lien or mortgage on the premises for its payment; but, if the note is signed by the husband only, the equitable lien of the note does not attach to the homestead included in the lands conveyed.

6. *Mortgagee's liability for rents.*—When the mortgagee takes possession of the premises after the law-day of the mortgage, he is liable as a trustee for the rents and profits, including not only the rents which he collects, but also such as he has failed to collect through gross negligence, willful default, or fraud.

7. *Same.*—Under this principle, as applied in this case, the mortgagee having taken possession, and then rented the premises to the widow and adult heirs of the deceased mortgagor; on the statement of the account against him, under a bill to redeem filed by the widow and all the heirs, he was held liable for the rents as if he had collected them.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 5th of March, 1880, by the widow and children of Benjamin Butts, deceased, against John T. Broughton, as the administrator of his deceased wife, Mrs. Sarah C. Broughton, and their several children as heirs at

[Butts v. Broughton.]

law; and sought a redemption of certain lands, which had been mortgaged by said Benjamin Butts in his life-time to Mrs. Broughton, an account of the mortgage debt, and general relief. Benjamin Butts died in October, 1873, being in possession of the mortgaged lands at the time of his death; and Mrs. Sarah C. Broughton, the intestate and ancestor of the defendants, died, intestate, in January, 1879. The mortgage to Mrs. Broughton was dated the 13th March, 1871; was signed by said Benjamin Butts and his wife, acknowledged by them, on the day of its date, before a justice of the peace, and by him duly certified as an ordinary conveyance; and purported to be given to secure the payment of a promissory note for $724.50, signed by said Benjamin Butts, of even date with the mortgage, and payable on the 12th December, 1871. The mortgage described the lands conveyed by it, as containing 508.50 acres; but, in the former conveyances referred to, they are described as containing 580.50 acres. These lands were conveyed by Moses Pierce, by mortgage dated the 4th November, 1867, to said John T. Broughton, to secure the payment of a promissory note for $837, with interest; and this note and mortgage having been transferred by said Broughton to Mrs. L. Culberson, the mortgage was foreclosed by her, by sale under a power therein contained, on the 20th March, 1869. Benjamin Butts became the purchaser at that sale, and received a conveyance from Mrs. Culberson; and on the same day he executed to her a mortgage on the lands, in which his wife joined, to secure the payment of his promissory note for $951, given for the purchase-money. This note and mortgage were afterwards transferred by Mrs. Culberson to Mrs. Sarah C. Broughton. The note not being paid at maturity, a new note was executed by said Butts to Mrs. Broughton, on a settlement had between them in December, 1869. This note was dated the 11th December, 1869, payable on the 1st December, 1870, and was for $1,200; and a mortgage on the lands, dated December 18th, 1869, was executed by said Butts and his wife to secure its payment. This note not being paid in full at maturity, a new note and mortgage were given on the 13th March, 1871, for the balance then ascertained to be due,—this latter being the mortgage under which the complainants now seek a redemption and account, alleging usury in the renewed notes, and payment of the entire debt.

The administrator of Mrs. Broughton denied the charge of usury, and claimed an indebtedness against said Benjamin Butts, not only on account of the note secured by the mortgage, but also for other debts evidenced by the notes of said B. Butts, which were produced. One of these notes was for $417.80; was dated, as copied in the record, the 20th March, 1870, and

[Butts v. Broughton.]

payable on the 12th December, 1873, to Mrs. S. C. Broughton or bearer; and contained a recital, or declaration, in these words: "This note shall be covered by a mortgage made by myself and wife, March 13th, 1871, and payable on 12th December, 1871, to Mrs. Sarah C. Broughton, said mortgage being unsettled, and recorded in book T.," &c.    The other note was for $320, and was dated the 10th August, 1871; purported to be given "for money borrowed for use of farm;" was payable to Mrs. S. C. Broughton, and recited on its face that "this note shall be subject to a mortgage held by her for purchase-money of my land, made March 15th, 1871, and due December 12th, 1871." It further appeared that, after the death of Mrs. Broughton, and the grant of letters of administration on her estate, Butts made various payments on the debts secured by the mortgage; and that after his death, on an accounting between his widow and adult heirs, as parties on the one hand, and the personal representative of Mrs. Broughton on the other, it being admitted that the mortgage debts could not be paid, the possession of the lands was surrendered to said administrator, and the widow and adult heirs agreed to hold as his tenants. This arrangement was made in the fall of the year 1874, and continued, or was renewed from year to year, until a short time before the filing of the bill.

The chancellor ordered a statement of the accounts by the register, and reserved all other questions until the coming in of the master's report.    On the coming in of the report, to which numerous exceptions were reserved by the complainants, he held that "the allegations and proof are not sufficient to support the charge of usury in the transactions between the parties, and that the calculations should begin with the mortgage last given, the amount of the debt therein stated being the sum due at that time;" also, that the notes for $320 and $417.80, respectively, should be included in the account as a part of the mortgage debt, and that "it would be inequitable to charge the defendants with the rents for the year 1875, while the complainants were in possession and paid no rents."    On the account as finally stated by the register, and confirmed, the balance due on the mortgage debt, including the two notes above described, was ascertained to be $1,412.77; and the chancellor rendered a decree in favor of the complainants, that they should be allowed to redeem on payment of that sum to the register within sixty days, and ordering a sale of the lands in foreclosure of the mortgage on default of payment by them.

The appeal is sued out by the complainants, and they here make sixteen assignments of error, all founded on the chancellor's instructions to the register, or his rulings on exceptions to the register's report.

[Butts v. Broughton.]

WATTS & SONS, and POSEY & STALLINGS, for the appellants. (1.) A simple arithmetical calculation shows that usury was reserved in the several settlements which resulted in the note and mortgage under which the right to a redemption and account is claimed. (2.) The widow and the heirs of the deceased mortgagor might join in a bill to redeem, and might set up the defense of usury.—7 Wait's Actions & Defenses, 624–5; Tyler on Usury, §§ 403–08; Jones on Mortgages, vol. 1, p. 644; 2 *Ib.* §§ 1062–67; *Gray v. Brown*, 22 Ala. 262; *Hunt v. Acre*, 28 Ala. 580; *Stephens v. Muir*, 8 Indiana, 352; *Safford v. Vail*, 22 Illinois, 327; *McAlister v. Jerman*, 32 Miss. 142; *McGuire v. Van Pelt*, 55 Ala. 344; *Wilson v. Knight*, 59 Ala. 172; *Rogers v. Torbut*, 58 Ala. 527. (3.) The severals renewals of the note did not purge it of the usury.—*Pearson v. Bailey*, 23 Ala. 537; *Eslava v. Crampton*, 61 Ala. 507. (4.) Whatever effect might be given to the two small notes, as against Benjamin Butts, who alone signed them, they are not binding on the widow, who has a right of dower and homestead.

GAMBLE & PADGETT, *contra.*—(1.) The widow and adult heirs, who participated in the settlement with Broughton, when they gave up the land, and agreed to hold as tenants, are estopped from maintaining this bill; and the other complainants can have no relief on account of the misjoinder. (2.) If entitled to redeem, they will be required to pay all of the debts due from the mortgagor to the mortgagee.—5 Wait's Actions and Defenses, 433; Fonb. Eq. 537; *Grigg v. Banks*, 59 Ala. 311. (3.) On the disputed question of usury, the record does not show enough to put the chancellor in error.—*Rather v. Young*, 56 Ala. 94.

SOMERVILLE, J.—We can not clearly see that the chancellor erred in holding the transactions between the decedent, Benjamin Butts, and the appellee, Broughton, to be free from the taint of usury. His ruling on this point must, therefore, be permitted to stand in the present state of the evidence. *Derrick v. Brown*, 66 Ala. 162; *Donegan v. Davis, Ib.* 362; *Rather v. Young*, 56 Ala. 94.

It may be seriously questioned, moreover, whether a mortgage debt can be impeached for usury by any other person than the mortgagor, or his personal representative. It has generally been held in this State to be a defense purely personal, and capable of being waived by the debtor, or his personal representative, who, it has some times been said, alone have the right to plead it.—*Cain v. Gimon*, 36 Ala. 168; *Sayre v. Fenno*, 3 Ala. 458; *Cork v. Dyer*, 3 Ala. 643; *Baskins v. Calhoun*, 45 Ala. 582; *McGuire v. Van Pelt*, 55 Ala. 344; *Gray*

[Butts v. Broughton.]

v. *Brown*, 22 Ala. 262. It may be conceded, however, that the current of modern authority supports the contrary view. 1 Jones on Mortgages, § 644. And in *Hunt v. Acre*, 28 Ala. 580, it seems to have been assumed that the right to set up the defense of usury could be claimed by the *heirs* of the mortgagor on coming into equity to redeem the mortgaged premises. But this point we do not decide.

A bill to redeem a mortgage may be filed by any one who owns the mortgagor's equity of redemption, or any subsisting interest in it, by privity of title with him, whether by purchase, inheritance, or otherwise. This principle would embrace not only heirs of the mortgagor, but also his widow who had joined with him in the mortgage, so as to have released her dower. 2 Jones on Mortgages, §§ 1055, 1067; *Eaton v. Simonds*, 14 Pick. (Mass.) 98; *Lamb v. Montague*, 112 Mass. 352. So, an estate of homestead in the mortgaged premises entitles the holder of it to redeem.—2 Jones on Mortgages, § 1069.

Mrs. Lucinda Butts was, in view of these principles, a proper party complainant to the present bill.

The mortgage debt of March 13, 1871, for seven hundred and twenty-four 50-100 dollars, and accrued interest, was properly decreed to be a valid lien on the mortgaged premises. The mortgage was executed prior to the statute of April 23, 1873, and the acknowledgment of its execution by the mortgagor and his wife, certified in the form prescribed by statute for ordinary conveyances, satisfied the requirements of the constitution of 1868, then of force, as to the wife's voluntary signature and assent to the alienation of the homestead.—*Lyons v. Conner*, 57 Ala. 181; Const. 1868, Art. xiv, §§ 2 and 3. This debt is shown by the evidence, however, to have been satisfied by the rents of the mortgaged property collected by the appellee, Broughton.

So, the other two notes executed by the decedent, Benjamin Butts, — the one for four hundred and seventeen 50-100 dollars, dated March 20th, 1870; and the other for three hundred and twenty dollars, dated August 10th, 1871,— clearly constituted an *equitable lien* upon all of the lands included in the first mortgage, excepting such portion of it as may have been lawfully exempted as a homestead, under the laws then of force governing the subject of homestead exemptions. The express declaration is made in them, that they shall be "covered by," or "subject to" the prior mortgage; and this sufficiently evinced the intention of the maker to create an equitable lien, or mortgage, on the premises in question. In such cases, the form or language of the instrument is not material, except as an index of the intention of the parties. If it was intended as a security for a valid debt, and this is deduci-

ble from the instrument itself, it must be construed to be an equitable mortgage. — 1 Jones on Mortgages, §§ 166, 167; *Newlin v. McAfee*, 64 Ala. 357; *Donald v. Hewitt*, 33 Ala. 534.

But it is an important fact, overlooked by the chancellor in his decree, that these notes were signed by the husband alone; and although they may be declared to be an equitable lien on the lands in controversy in excess of the homestead, as to the latter they can have no legal operation. As mortgages, they must be held void so far as concerns the *homestead*, because they were executed without the voluntary signature and assent of the wife.—*Garner v. Bond*, 61 Ala. 84; *McGuire v. Van Pelt*, 55 Ala. 344: Thompson on Homestead, §§ 474, 477. We are not to be understood as deciding that the voluntary signature and assent of the wife to a mere equitable mortgage would come within the influence of the provision in the constitution, authorizing a " mortgage or other *alienation* of the homestead." See *Jenkins v. Harrison*, 66 Ala. 345.

We think the chancellor erred, in not confining the lien of the above-described notes to the excess of the lands over and above the homestead estate, as allowed by the constitution of 1868.—Const. 1868, Art. xiv, §§ 2 and 3; *Garner v. Bond*, 61 Ala. 84, *supra*.

. It was also error, not to charge the mortgagee with reasonable rents for the year 1875. The rule is, that the mortgagee is entitled to the rents and profits after the law-day of the mortgage, and after his entry on the mortgaged premises he is considered a trustee in respect to his liability for them.—1 Jones on Mortgages, § 712. He is not only liable for such rents and profits as he may collect from others, but also for such as he has failed to collect through gross negligence, willful default, or fraud.—*Dozier v. Mitchell*, 65 Ala. 511; *Barron v. Paulling*, 38 Ala. 292; 3 Lead. Cases Eq. (Hare & Wall.), 891–892. The mortgagee was in possession of the premises in the year 1875, having entered under the mortgage, and, through her agent and husband, the appellee, had undertaken to rent them to the widow and some of the adult heirs. She thus possessed a claim against the lessees for such rent, and was justly chargeable with it in the account taken by the register, which is shown to have been about the sum of three hundred dollars. The fact that the lessees permitted some of the other complainants, *ex gratia*, to remain on the premises during this time, does not affect the question of the mortgagee's liability.

For the above errors, the decree of the chancellor is reversed, and the cause remanded.