[DeGraffenreid v. Clark.]


# DeGraffenried *v.* Clark.

*Ejectment.*

| 75 | 425 |
|-----|-----|
| 111 | 619 |
| 75 | 425 |
| 118 | 562 |
| 75 | 425 |
| 122 | 393 |

1. *Homestead exemption; by what law governed.*—As against a debt contracted in February, 1873, the extent and value of a homestead exemption must be determined by the Constitution of 1868.

2. *Same ; conveyance of.*—Where the area of the homestead is within the limits prescribed by law, a conveyance of it without the voluntary signature and assent of the wife is void; but where the conveyance is of a larger tract, including the homestead, which has not been selected and set apart, the conveyance is valid as to the excess over and above the quantity to which the owner is entitled by way of exemption.

3. *Same.*—In such case, the legal title to the whole passes to the grantee, with the reserved power in the grantor to withdraw the exempted portion from the operation of the conveyance, by some proper act of selection, by which it is separated from the other.

4. *Same; when claimant not injured by verdict.*—Where, in ejectment for one hundred and sixty acres of land, lying in two sections, eighty in each, and both contiguous, the plaintiff claims under a mortgage executed by the defendant, a married man, in February, 1873, without the signature and assent of his wife, to secure a debt then contracted, and the defense is, that, the whole tract being exempt to the defendant as a homestead, the mortgage is void, and the defendant refuses to select a smaller quantity as his homestead exemption, he can not complain of the verdict of the jury allowing him, as exempt, the eighty acres on which are his dwelling and appurtenances, the question having been fairly submitted to the jury as to what particular eighty acres were occupied by him as a homestead.

APPEAL from Greene Circuit Court.
Tried before Hon. S. H. SPROTT.
The facts are sufficiently stated in the opinion.

THOS. SEAY, for appellant.

THOS. R. ROULHAC, *contra.*

SOMERVILLE, J.—The plaintiff in the present action sues in ejectment to recover a tract of land consisting of one hundred and sixty acres. Eighty acres of this tract lie in section seventeen, and eighty in section twenty of the same township and range, the two being contiguous. The dwelling, out-houses and appurtenances, claimed to be occupied by the owner, are situated on the eighty acre parcel in section twenty. The title claimed by the plaintiff is derived from two sources. The first is a mortgage executed by the defendant *in February, 1873,*

to secure a debt created by him in the same month and year. The second is a sheriff's deed to the property under an excution sale made in the year 1876.

The plaintiff recovered a verdict only for the eighty acres in section seventeen, thus excluding the other eighty upon which the defendant's dwelling was located.

We need not consider the questions raised by the claim of title under the execution sale. In our opinion the verdict of the jury can be fully justified by the claim of title set up under the mortgage, and by the rulings of the court having reference to this feature of the case, without regard to the other questions which are raised and discussed.

The only homestead exemption to which the defendant was entitled is very clearly that which was allowed by law when the debt of the plaintiff was created, which was in February, 1873, prior, as will be observed, to the act of April 23, 1873, which increased the area of homestead exemptions from eighty to one hundred and sixty acres, when not situated in any city, town or village.—*Nelson v. McCrary*, 60 Ala. 301 ; *Slaughter v. McBride*, 69 Ala. 512 ; *Giddens v. Williamson*, 65 Ala. 439.

At that time, February, 1873, the area of such homestead exemptions was that fixed by the Constitution of 1868, which did not exceed eighty acres of land, of a value not exceeding two thousand dollars.—*Hardy v. Sulzbacher*, 62 Ala. 44; *Nelson v. McCrary, supra;* Const. 1868, Art. xiv, § 2.

It is insisted that the mortgage, under which plaintiff claims title, is void because it is an attempted alienation of a homestead in the actual occupancy of the owner, and is signed by the husband alone without the signature of the wife, and for this reason it conveyed no estate or interest to the mortgagee. Such is undoubtedly the law where the occupant is entitled to a homestead of a certain area, and attempts to alienate it without the voluntary signature and assent of the wife.—*Halso v. Seawright*, 65 Ala. 431 ; *Miller v. Marx*, 55 Ala. 322.

But this principle does not hold where the area of the homestead, or its value, exceeds the constitutional or statutory limitation. In such case, the mortgage or conveyance is good for the excess over and above the quantity to which the occupant is entitled by way of exemption. Our decisions are uniform as to this proposition.—*McGuire .v. Van Pelt*, 55 Ala. 344 ; *Garner v. Bond*, 61 Ala. 84 ; *Snedecor v. Freeman*, 71 Ala. 140.

Where a mortgage or conveyance of this character is made by the husband, without the signature of the wife, it is subject to their claim of homestead exemption, when the right exists by actual occupancy, and has not been lost by abandonment. The homestead to which the defendant was entitled in the

[DeGraffenreid v. Clark.]

present case was only eighty acres of the one hundred and sixty included in the mortgage. This he had a right to select, and this power of selection involved the act of designating and distinguishing some particular eighty acres out of the entire tract. Const. 1868, Art. XIV, § 2; *McGuire v. VanPelt*, 55 Ala. 355. The legal title to the whole, however, passed to the grantee, with the reserved power in the grantor to withdraw the exempted portion from the operation of the conveyance by some proper act of selection, by which it is separated from the title of the mortgagee. To accomplish this purpose, a bill in chancery is required in many cases, and is expressly authorized by statute, in certain cases specified in section 2852 of the Code of 1876, in favor of the beneficiary who claims the right. The case of *Slaughter v. McBride*, 69 Ala. 510, is clearly distinguishable from the present case. The homestead there sought to be conveyed by deed was less than eighty acres, and the conveyance was made after the Constitution of 1868 went into effect. The mode of alienation was held to be governed by the Constitution, which was in force at the time the deed was made, although the *quantum* of exemption was regulated by another rule. The deed for this reason was held to convey no legal title to the grantee, the Constitution declaring it to be invalid without the voluntary signature and assent of the wife, which was wanting.

The only selection sought to be made by the defendant was the entire tract of one hundred and sixty acres. This selection was attempted to be made by filing a declaration and claim of exemption under section 2828 of the Code, and by setting up this claim by special plea. The court sustained a motion made by the plaintiff to strike out this plea, as one unauthorized in an action of ejectment, and held that section 2828 had no reference to exemptions claimed against the enforcement of debts contracted between the thirteenth day of July, 1868, when the Constitution of 1868 became operative, and the twenty-third day of April, 1873, when the new exemption law of that date was enacted. The correctness of these rulings we deem to be immaterial, and we need not consider them.—Code, 1876, §§ 2820–21; *Ib.* § 2844; *Clark v. Spencer*, present term [*ante*, p. 49].

Conceding the right of the claimant to make his selection by special plea, he had no right to select more than eighty acres, and this he refused to do. He can not complain that he has been deprived of this privilege, because he has been allowed by the verdict of the jury precisely the quantity to which he was entitled, including the dwelling-house and appurtenances, in the actual occupancy of which he claims to have continued up to the time of commencing this suit. The question was fairly

[Western Union Telegraph Co. v. Judkins.]

submitted to the jury to determine what particular tract of eighty acres was occupied by him as a homestead, including the dwelling and appurtenances, and this they have determined. The only land recovered by the plaintiff was the eighty acres situated in section seventeen, which must be presumed to be the quantity conveyed by the mortgage in excess of the exemption to which the defendant was entitled. If there be any error in the rulings of the court, it is error without injury to the appellant, under the peculiar circumstances of the case.

The judgment is affirmed.