## Taylor v. The Cedar Rapids & St. Paul Railroad Company.

1. Pleading: EXHIBITS: STATUTE CONSTRUED. Section 2964 of the Revision does not contemplate that instruments of evidence merely, which do not constitute the basis of the cause of action, set-off, counter-claim, or cross-demand, should be annexed to or copied in the pleading, in order to render them admissible in evidence.

2. Conveyance: OF RIGHT OF WAY ON CONDITION: EFFECT OF BREACH. Where a conveyance of a right of way to a railroad company is upon the condition, and contains a proviso, that the depot of the company is to be located within a certain distance of a particular place, a breach of such condition, on the part of the company, has the effect of defeating the estate conveyed by the deed; and the grantor, not having surrendered the possession of the land, may enforce the forfeiture and have his damages for the right of way assessed as though no deed had ever been made.

3. —— WHEN FORMAL ENTRY UNNECESSARY. The estate conveyed by the deed, in such case, being less than a freehold, and the grantor still retaining the possession, no formal act of entry on his part is necessary in order to avail himself of the right to thus proceed.

*Appeal from Benton District Court.*

THURSDAY, JULY 23.

PLAINTIFF appealed to the District Court from the assessment of damages, made by freeholders, occasioned by the proposed location of defendant's road over his lands. The answer denies that plaintiff has refused to grant the right of way, alleging that, before the institution of this proceeding, the said plaintiff, for a sufficient consideration, made and delivered a deed for said right of way, thereby conveying fully and absolutely to defendants the necessary strip, as allowed by law, through and over his lands, etc. Trial, judgment for defendants, and plaintiff appeals.

*Smyth & Young* for the appellants.
(No brief found on file.)

*C. H. Conklin* for the appellee.

I. Is the condition precedent or subsequent? Similar provisos have uniformly been treated as conditions subsequent. See 4 Kent's Com. mar. 123-8. And see on mar. 125-6, where case of *Hayden* v. *Stoughton*, 5 Pick. 528 is cited, and which holds that "a devise of lands to a town for a school-house, provided it be built within one hundred rods of the place where the meeting-house stands, was held to be valid as a condition subsequent." See also 1 Wash. on R. P. mar. 445-9, 457-9; 1 Hill. on R. P. 381. Whether the words in a given case amount to a condition precedent or subsequent, or to a covenant merely, depends on the intention of the parties. 4 Kent's Com. mar. 133; 4 Sandf. 36. "If it be doubtful whether a clause in a deed be a covenant or a condition, the courts will incline against the latter construction."

4 Kent's Com. 132. "Conditions. subsequent are not favored in law, and are construed strictly, because they tend to destroy estates.". Id. 129.

It is conceded that the proviso in the deed in this case amounts to a condition, and not merely to a covenant, though there are certainly some strong reasons for holding it a covenant. But it is equally clear, that it is subsequent and not precedent. Mr. Washburn lays down this general rule as sustained by the authorities: "If the act or condition required do not necessarily precede the vesting of the estate, but may accompany or follow it, and if the act may as well be done after as before the vesting of the estate; or if, from the nature of the act to be performed, and the time required for its performance, it is evidently the intention of the parties that the estate shall vest, and the grantor perform the act after taking possession, then the condition is subsequent." 1 Wash. R. P. mar. 446-7.

II. The next question propounded is, "If the condition is subsequent, did the permanent location of the depot elsewhere than within the limits mentioned in the deed *ipso facto* defeat the estate and put the parties in the same condition as if the deed had never been made. Must the plaintiff in Iowa make a formal entry to take advantage of a breach of condition, and if so is that doctrine applicable to any case where the conveyance is of this character, not of the freehold?"

In the case of a condition subsequent, the estate vests subject to being defeated by non-performance of the condition. In case of a condition precedent, however, the "estate does not vest at all, until such condition happens." See 1 Wash. R. P. mar. 448-9. The very nature of the case, therefore, would seem to require some act on the part of the grantor to divest an estate in case of breach of condition subsequent.

At common law it seems to have been well settled that in case of the breach of a condition subsequent in a freehold estate, a formal entry was necessary. The chief reasons for this seems to have been — first, that it was discretionary with the grantor whether to insist on forfeiture or not, and he might waive it, and acquiescence for any considerable time would amount to such waiver; and second, because it required as solemn an act to defeat as to create an estate. See 1 Wash. R. P. mar. 450–2; 1 Hill R. P. 384–5, note *a* and cases cited.

In case of the transfer of any estate less than a freehold, a *claim* is the only practical mode, and takes the place of a formal re-entry. 1 Hil. on R. P. 384, 385, and note *a* and cases cited. But the bringing of an action of *disseizin* has no effect as a *claim*. Id.

As to what constitutes a *claim* in case of incorporeal rights, the authorities are not very clear. In *Daniel* v. *Jackoway* (Freeman's Ch. 59, cited in 1 Am. Ch. Dig. p. 364, § 18), it was held, that " the failure of a condition subsequent in a grant, entitled the grantor to call for a reconveyance."

In *Palmer* v. *Fort Plain, etc., Plankroad Co.* (11 N. Y. 376, 389), it was held, that in case of a breach of a condition subsequent in a grant of right of way to a plankroad company, the only remedy was by a proceeding to recover the thing granted. See pp. 388–9, and see the head-note to case. The same remedy by action to recover the thing granted, is held to be the only one in case of breach of condition subsequent in *Livingston* v. *Stickles* (8 Paige Ch. 402).

Upon these points especial attention is called to the case of *Ludlow* v. *The N. Y. & Harlem R. R. Co.* (12 Barb. 440), and also to *Nicol* v. *The N. Y. & Erie R. R. Co.* (12 N. Y. [2 Kern.] 121). These were both cases of grant of right of way for railroad purposes, and

contained conditions subsequent, and quite fully discuss the questions involved in the case at bar, including the doctrine of re-entry, etc., and fully sustain the positions taken herein.

In New York, as also in Massachusetts, the statute in certain cases dispenses with a *formal entry.* But, as will be seen from the above cases, and also the case of *Austin* v. *Cambridgeport Parish* (21 Pick. 215, 224), the common law rule is held to obtain with full strictness in those States, except as modified by statute.

III. But the question as to what would be the rules as to necessity of an entry in case of the grant of an estate less than a freehold, does not arise here. In this case the estate granted *was* a freehold. Estates for life are freeholds, and Kent says, that " any estate of inheritance, or for life, in real property, whether it be a corporeal or incorporeal hereditament, may justly be denominated a freehold." 4 Kent's Com. marg. p. 24. And the same author says that life estates are created as well by conveyances which do not define the duration, as when made expressly for life. Id. 25, 26.

Mr. Washburn says, of estates of freehold, that " they must have been at least for the life of the tenant, though afterward extended to an estate for the life of another, and finally to any estate of uncertain duration, not depending upon the will of another, and which might last for the term of a life." 1 Washb. on R. P. marg. p. 29 ; and see also more fully as to what constitutes a freehold, id. marg. pp. 46, 87; and see on marg. pp. 88, 89, as to estates of uncertain duration being regarded as for life, and therefore a freehold.

The grant of a strip of land in this case for railroad purposes, clearly created an estate in fee simple. The corporation, by the general corporation act is formed to endure fifty years, and then the franchise may be renewed

or continued at pleasure, which renders the duration uncertain. But the time is necessarily extended beyond the ordinary term of life, and *during the life* of the artificial person to whom granted.

In *Aikin* v. *Albany, Vermont & Canada R. R. Co.* (26 Barb. 289), which was an action to enforce specific performance of a condition or covenant in a grant of *right of way* to a railroad company, the court held (see pp. 229, 300), that the proviso in the deed, if a condition, could only be taken advantage of by *entry* for condition broken. The same principle was recognized as to such right of way grants in the cases in 12 Barbour and 2 Kernan, hereinbefore cited.

This estate being a freehold, it follows, that in this State, as in the other States, where there exists no statutory modification of the common law rule, there must be a formal entry for condition broken; or, if that be not possible, there must be its equivalent; and there can be no equivalent short of an action to recover the thing granted. This proceeding to assess damages, as though no grant had ever been made, is as far from such an equivalent as would have been action for the rents and profits. There is no pretense here that any steps were taken, prior to the institution of these statutory proceedings, to even indicate to the defendant that the plaintiff proposed to enter, or treat the estate as forfeited. If this is equivalent to an entry, what would not be?

If re-entry in this case is impracticable, then the only proper course to have been pursued by the plaintiff would have been an action of right. This would have been a direct proceeding to declare the forfeiture and recover the thing granted; and, if successful, would have at once and forever settled the question. The parties would then have been placed in the same position as before the grant, and if the defendant had still insisted

Taylor v. Cedar Rapids and St. Paul R. R. Co.

upon the right of way, the statutory proceeding to ascertain the plaintiff's damages could have been resorted to by either party as though no grant had ever been made. At present the defendant is in possession *under the deed;* but *non constat* that it will desire or continue the possession if the plaintiff establishes the forfeiture and thus defeats the estate. And to sustain this statutory proceeding is not only an informal and unprecedented mode of declaring a forfeiture, but it compels the defendant to pay costs and damages for the enjoyment of a right which it may never see fit to avail itself of.

WRIGHT, J. — I. Defendant, on the trial, offered a deed, signed and acknowledged by plaintiff and wife, and duly

1. PLEADING: exhibits: statute construed.

recorded, granting the right of way over the land named in the petition, to which plaintiff objected, for the reason that neither the original, nor a copy of the same, was annexed to or copied in the answer. The objection was overruled, and this ruling first demands attention.

Counsel for appellant refers to and relies upon section 2964, which provides, that, where such cause of action, set-off, counter claim or cross demand, as should be evidenced by writing, is so evidenced, then the same must be stated to be so, and the writing, or a copy thereof, must be annexed to the pleading, unless a reasonable excuse be set forth in the pleading for not annexing the same, else it shall not be received in proof on trial." There is no claim that either the deed or a copy thereof was annexed, and appellee maintains that the failure to do this could not have the effect of excluding the conveyance, which appeared to have been duly executed and acknowledged. In this view we concur. Neither a " cause of action, set-off, counter claim or cross demand," within the meaning of the statute, was evidenced by this deed. It

was material to the *defense,* not to establish any cause
of action against plaintiff. The distinction is well
understood and plainly recognized by the very language
of the law. It was never contemplated that instruments
of evidence merely, — those not the basis of the cause
of action, etc., should be thus annexed or copied. This
is shown by the preceding section, and, indeed, all the
provisions of the Revision bearing on this subject. See
further, §§ 2961, 2920, 2918; also *Farwell* v. *Tyler,* 5
Iowa, 535; *Dorcey* v. *Patterson,* 7 id. 421; *Boardman*
v. *Beckwith,* 18 id. 292; *McCall* v. *Savery,* 11 id. 323;
*Walkup* v. *Zehring,* 13 id. 306; *Vannice* v. *Green,* 14
id. 262.

II. The deed thus offered recites, that, whereas defend-
ant contemplates the construction of a railroad from, etc.,

2. CONVEY-
ANCE: of right
of way on con-
dition: effect
of breach. to, etc., therefore plaintiff, being desirous, etc.,
conveys, etc., to, etc., "for the purpose of
constructing a railroad thereon, * * *
*the right of way* for said railroad over and through the
following described piece or parcel of land * * *
bounded and described as follows: A strip of land suffi-
cient in width, on each side of the center line of said
railroad, for the building and operating of said road,
wherever the same may be definitely located, over and
across the west half, etc., * * * and provided a depot
is permanently located within one-half mile west of the
town plat of Shellsburg, *the grade of the road admitting
it.*"

It was admitted that defendant's depot was permanently
located near said town, but, *not within the limit named
in said deed.* Plaintiff proposed to show that it *was*
practicable to locate said depot within said half mile;
that he was illiterate and could not read; that the deed
was obtained by fraud, in that defendant's agent accepted
the deed, with the express understanding, etc., that the

depot was to be thus located, etc.; that, upon the faith of this agreement, and not otherwise, the deed was made; that it was represented to him that such was the effect of the deed; and, finally, that the words, "*the grade of the road admitting of it,*" were not in the deed at the time of its execution, but were fraudulently inserted afterward by defendant. To all this evidence defendant objected, because it was not competent in an (this) action at law; that plaintiff should have gone into equity and had the deed canceled; that the deed conveyed to and vested in defendant the right of way over, through and across the lands mentioned; that, until the deed was canceled, plaintiff's only remedy was on the *proviso*, for damages. The objections were sustained, and the evidence excluded. This is the only other matter of which plaintiff complains.

This case has been twice argued, and the authorities bearing upon the questions here made have been collected with no inconsiderable industry. Our views, therefore, we propose to express very briefly.

The deed had no immediate operation. The condition is to be construed as precedent, and not subsequent. For the purposes of this case, we are to look at the deed as though the words " the grade of the road admitting it " were not in it. If plaintiff's claim be correct, these were not there when the deed was delivered, and their subsequent fraudulent insertion by defendant cannot, of course, affect his rights. And, conceding that such fraudulent act would not defeat the estate, we are to look at plaintiff's and defendant's rights under this condition, such words being omitted.

The company failed to locate the depot within the half mile named. Did this have the effect of defeating the estate vested by the deed? It is said, that, if there was a breach, plaintiff's only means of taking advantage of it was by *entry upon the land.* To.

3. —— when formal entry unnecessary.

this, it is responded, that such entry is only necessary where the condition is annexed to a freehold, and that the estate conveyed by this deed is not such; and it is further claimed, that, as the grantor remained in possession, and hence could not re-enter, the estate revested in him immediately on the breach of this condition.

And as we understand from the record that plaintiff did remain in possession, and so remained at the time of the breach, we hold, that no formal act of entry on his part was necessary, that he will be presumed to hold for the purpose of enforcing forfeiture, and that he can therefore in this action ask to have his damages assessed, as though such deed had never been made.

This view is reasonable; it is just; it is, we feel well assured, in exact accord with the real intention of the parties, and it is supported by the authorities. 1 Wash. on Real Property, 452; *Lincoln* v. *Drummond*, 5 Mass. 321, citing Coke Lit. 218, § 350; *Willard* v. *Henry*, 2 N. H. 120; *Hamilton* v. *Elliott*, 5 S. & R. 375; *Andrews* v. *Lester*, 32 Maine, 394; 2 Greenl. Cr. 33, note 1.

The need of distinct acts which are to admonish the grantee that the estate will be retained for condition broken, spoken of in some of the books, does not in reason apply to this case. Plaintiff, as is usual in such cases, granted this right of way without other consideration than the benefits resulting from the construction of the road, including this contiguous depot. But he required as a condition, and for reasons not now necessary to inquire into, that the depot named should be located within certain limits. This condition was violated. He had not parted with his absolute title to the land, but had given, released and quitclaimed the right of way, the fee remaining in him, subject to the easement conferred upon the company. *Henry* v. *Dub. and Pa. R. R. Co.*, 2 Iowa, 288.

The deed was made in October, 1865, and in June, 1866, so soon as the company proposed and was taking steps to use and occupy said land for the purposes contemplated, this proceeding was instituted. How long before this the depot had been located does not appear. In a matter of such magnitude the events seem to have occurred in close succession. Plaintiff could not very well admonish defendant of his intention to insist upon the forfeiture, otherwise than in the method selected.

By his notice to the sheriff, and hence to the company, of his claim for damages, he does in effect make claim to an exclusive title, for the breach, and it was therefore the duty of the defendant to take steps to pay such damages. After the breach, at plaintiff's election, the estate was defeated; the company no longer had any right under the deed, and plaintiff would have the right to the assessment of his damages under the statute. As already suggested, that this is in accord with the equities of the parties and their intention, we entertain no doubt. Such a construction, we may add, has the merit of following the plain meaning of the deed in its terms, and avoids surprise upon numberless ignorant and well meaning persons, who have made and will make similar conveyances to those companies. Divested of all verbiage, the grantor says, locate the road as you agree and take the right of way for nothing; if not you take no title or right. Remaining in possession and in the enjoyment of his farm when the company attempt to occupy it, he proceeds under the statute, as is his right. There was no need that he should go into equity to set aside the deed.

This view disposes of this case, and leads to a reversal of the judgment below. It only remains to add that we have examined the authorities of the appellee bearing upon the question decided. They are not in conflict with the views above expressed. In *Nicoll* v. *N. Y. & Erie*

*Co.* (12 N. Y. 121), the company had entered upon the land and was in possession at the time plaintiff brought his action. See statement, p. 123. (The action was ejectment.) In *Palmer* v. *Fort Plain and Cooperstown R. R. Co.*, 1 Kernan, 376, the condition was that no toll-gate should be erected within, etc. It was, nevertheless, erected. The company then proceeded to condemn the land under the statute. After this plaintiffs brought their action to compel defendant to remove the gate, and to observe the condition in the agreement of release. It was held that the action could not be sustained. The ruling is placed upon several grounds, and among others that it by no means follows, because a grantee consents to take an estate subject to a certain condition, that he also consents to obligate himself personally for the performance of the condition. If, in this case, plaintiff was seeking to compel the company to locate its depot within the half mile, the case would be applicable.

*Livingston* v. *Stickles*, 8 Paige, 402, was where plaintiff brought an action *at law* to recover money claimed under a contract in relation to the disposition of real estate, and was nonsuited. She afterward brought *ejectment* on account of the breach of the condition named and was again nonsuited. She then brought *this* action in *equity* to compel the payment of this money and was again defeated, because the remedy, if any, was *at law*. Its history is certainly a strange one, but it is in no respect applicable. The holding is, first, that plaintiff's remedy was at law and not in equity; second, that the covenant and condition in the lease was in the nature of a fine upon alienation; third, that equity would not interfere to enforce the performance of such covenants, etc. — where the landlord, by the terms of the lease, had not secured to himself a remedy at law.

The other authorities cited by appellee's counsel, are no stronger in support of his positions.

Reversed.