# CHRISTINA TRICKEY

*v.*

## MATTHIAS SCHLADER *et al.*

1. DEDICATION—*for a public highway—what constitutes.* Where the owner of land joined in a petition to open a road, which was to run in part through his land, and such owner, as one of the commissioners of highways, acted upon the petition, and granted the order to establish the road, and afterward executed a release of all claim to damages, under seal, and for a valuable consideration, and such road was opened, used and worked: *it was held,* that these acts amount to a dedication of the land for the purposes of this easement, and estop him, and all persons claiming under him, from averring anything against them.

2. Nor can it be objected, that all the requirements of the statute were not observed, when the owner himself instituted the proceedings, and every act done was with his knowledge and consent, and the question of the want of power can not arise.

3. HOMESTEAD—*in an easement.* Where an easement, or right of way, was granted by the owner of premises who occupied them as a homestead, the fee still remaining in the grantor, the question of a homestead right in the land by the surviving widow can not arise.

WRIT OF ERROR to the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was a bill in chancery, exhibited in the court below by Schlader and Schultz against Christina Trickey, praying that she be enjoined from closing up a certain public road running through certain land of which her husband died seized. The court below granted the injunction, and this writ of error is prosecuted to reverse that decree. The facts fully appear in the opinion of the court.

Mr. D. W. JACKSON, for the plaintiff in error.

Mr. E. A. SMALL, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

We are unable to perceive from this record that any right which the plaintiff in error has in the land over which this road runs, has been invaded.

The facts are, that the road was petitioned for at the instance of the owner of the land over which it was to run in part; that he, as one of the commissioners of highways, acted upon the petition, and granted the order to establish the road; that he executed a release under seal, for a valuable consideration, as expressed in the instrument, of all claim to damages sustained by him by reason of laying out and opening the road through his land; that the road was opened, used and worked up to the time of the owner's death, he assisting in building bridges upon it.

These acts amount to a dedication of the land for the purposes of this easement, and estop him, and all others claiming under him, from averring anything against them. They manifest an intention, on his part, to appropriate this land occupied by the road to the purposes to which it was appropriated. The objection, that all the requirements of the statute were not observed can have no weight, when the owner himself initiated the proceeding, and that every act done was with his knowledge and consent.

It is too late for the plaintiff in error now to deny there was a road legally established.

As this road was only an easement, and did not dispose of the fee, the question of a homestead right in the land by the surviving widow can not arise.

As this road was not established against the will of the owner of the land, but at his instance and request, no question of power can arise.

We decide the case on the acts of the owner, which, in our judgment, amount to a dedication of the land.

The decree of the circuit court is affirmed.

*Decree affirmed.*