# Balkum v. Wood.

### *Statutory Real Action in Nature of Ejectment*

1. *Mortgage of homestead under exemption act; separate examination of wife.—* A mortgage of the homestead under the act "to regulate property exempted from sale and the payment of debts," (Acts 1872-3, p. 64), required the voluntary signature and assent of the wife, which could be shown only by her examination, touching the same, separate and apart from her husband.

2. *Same; when mortgage void; subsequent acknowledgment no avail.*—A mortgage of the homestead without the formalities required by said act is absolutely null and void; and, it not being regarded an instrument imperfectly executed, which may be afterwards perfected, a subsequent acknowledgment will not validate it and can have no retroactive effect.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. H. D. CLAYTON.

On March 13th, 1875, one Watson and wife executed their promissory note to the appellant, James W. Balkum, for $75, due October 1st, 1875, to secure the payment of which they executed a mortgage to appellant upon their homestead, it being the property of the husband, consisting of 400 acres of land. Their joint acknowledgment of said mortgage was taken the same day before a notary, but the wife was not examined separate and apart from her husband touching her signature and assent to the mortgage. The indebtedness was not paid, and on the 29th day of July, 1876, said Watson being indebted to the appellee, William H. Wood, in a past due sum, said Wood obtained from Watson a mortgage upon the same land and homestead previously mortgaged to

[Balkum v. Wood.]

Balkum. The mortgage to Wood was executed by the wife, she joining with her husband in the acknowledgment, and in this instance was examined separate and apart from her husband as to her assent, &c. Wood was informed and knew at the time of the execution of the mortgage, all about the prior mortgage to Balkum, and that the debt due under said prior mortgage was still unsatisfied. Afterwards, the said Watson and wife surrendered the mortgaged homestead to Balkum, and the wife made an effort in writing to satisfy or to complete the execution of the first mortgage; went again before the notary and acknowledged the same, separate and apart from her husband. The land was advertised and sold by the attorney of Balkum, and Balkum bought the premises and received a deed therefor. He then let said Watson and wife remain on the premises as his tenants. Wood then brought this action of ejectment against said Watson, and Balkum came in and made himself defendant as the landlord of said Watson. On these facts the court, at the instance of Wood, (the appellee here), charged the jury that if they believed the evidence they must find for the plaintiff, to the giving of which charge the appellant excepted and now assigns the same as error.

WM. C. OATES, for appellant.—1. The Constitution of Alabama, art. 10, § 2, provides that no "mortgage or other alienation of such homestead by the owner thereof, if a married man, shall . . . be valid, without the voluntary signature and assent of the wife to the same." I admit that if her signature is not *voluntary* the conveyance is void. But in this case the evidence showed that she gave her *voluntary* assent and signature to the mortgage. And there being no statute of limitations as to the time within which such acknowledgment shall be taken, her subsequent acknowledgment would validate the deed. It was defective only because of the absence of the proof required by the statute, which evidence might be supplied as it was in this case; and here the appellee had full notice of the former mortgage.

2. The appellee admits that his mortgage was given to secure a pre-existing debt, and that there was no new consideration except an extension of the time of payment which did not constitute him an innocent purchaser—even if he had not been informed of the mortgage to appellants.— *Wells v. Morrow*, 38 Ala. 125.

3. It is not the acknowledgment which conveys land; if so it would present the anomaly of having a man's homestead conveyed or not conveyed by the mere knowledge or ignorance of a justice or notary. But the acknowledgment

of the wife, separate and apart from her husband, is but mere *evidence* of her *assent* to the conveyance, though the *fact* of assent may otherwise exist—hence a subsequent proof of such assent would be sufficient, which may be done by her subsequent acknowledgment separate and apart from her husband.

JAMES G. COWAN, *contra.*—1. The act of April 23d, 1873, (Acts 1872-3, p. 64), and amendment of same with respect to the officer certifying, was the statute in force at the time of the execution of the mortgages in question—appellant's bearing date March 13, 1875, and appellee's July 29th, 1876.

2. A mortgage upon the homestead of a married man, without the voluntary assent and signature of the wife to the same, "is inoperative for any purpose whatever. It is invalid and confers no rights, present or prospective."—*Miller et al. v. Marx,* and *McGuire v. Van Pelt,* in 55 Ala. 344.

3. The only evidence of such assent and signature is the certificate of the proper officer, showing an examination of the wife apart from the husband, and her acknowledgment of her voluntary assent and signature—which certificate must be indorsed upon or attached to the instrument. Without such certificate it is an ineffectual instrument, though it may be a fact that the wife did assent to and voluntarily sign the said instrument.—53 Ala. 558 ; 42 Ib. 293 ; 23 Ib 326.

4. Upon a failure to obtain the examination of the wife, and a certificate of the same at the time of the execution of the instrument, the defect cannot be subsequently cured by a compliance with the statute, when it would operate to the injury of a third party, whose rights had attached.—52 Ala. 597 ; 33 Ib. 446 ; 21 Ib. 169.

5. At the time appellee obtained his mortgage he found recorded the mortgage of appellant, which was without the prescribed evidence of the wife's assent and signature. The statute directed where—if the fact of such assent and signature existed—the evidence of it should be found. It directed that it should appear indorsed upon or attached to the mortgage. Not finding any such indorsement, and no other evidence of such assent and signature being permissible, appellee reasonably presumed that such assent and signature did not exist, and that said mortgage was "inoperative for any purpose whatever—was invalid, and conferred no rights, present or prospective."

STONE, J.—1. When the mortgage of Watson's homestead, under which appellant claims, was executed March 13th, 1875, the act to "regulate property exempted from sale

for the payment of debts," was operative.—Pamph. Acts 1872-3, p. 64. That statute declares that "no mortgage or other alienation of any homestead exempted by this act, by the owner thereof, if a married man, shall be valid, without the voluntary signature and assent of the wife, which voluntary signature and assent must be shown by the examination of the wife, separate and apart from the husband, touching the same, had before a Circuit or Supreme Court judge," &c. Two facts are, by this statute, rendered indispensable to the mortgage by a married man of his homestead; the voluntary signature and assent of the wife, and this must be shown, and can only be shown by her examination touching the same, separate and apart from her husband. Without these, it is as if it had not been attempted, void.

2. A mortgage of the homestead, without these formalities, is not regarded as a conveyance imperfectly executed, which may be afterwards perfected. Until properly acknowledged, it is no instrument—a nullity. Acknowledgment afterwards can have no retroactive effect. The most it can possibly do, is to constitute it a conveyance on and after the properly certified acknowledgment.—*McGuire v. Van Pelt*, 55 Ala. 344, and *Miller v. Marx*, Ib. 322.

The rulings of the Circuit Court were in harmony with these views.

Affirmed.