# Alford *v.* Lehman, Durr & Co.

*Ejectment by Purchaser at Execution Sale, against Grantee of Homestead under Void Deed.*

1.  *Alienation of homestead, and subsequent abandonment ; conflicting rights of grantee and purchaser at execution sale.*—A conveyance of the homestead, executed by husband and wife, but without the required certificate as to the separate examination of the wife touching her voluntary signature and assent (Code, § 2822), is a nullity, neither passing any estate to the grantee, nor operating by way of estoppel against the grantors; and on the subsequent surrender and abandonment of the premises to the grantee, they become liable to levy and sale under execution against the grantor, and the purchaser at the execution sale may recover them in ejectment.

2.  *Same.*—In this respect, there is no difference between a conveyance of the homestead premises, and a conveyance of the right of homestead.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN P. HUBBARD.

SHAVER & HUTCHESON, for appellant.—At the time of the conveyance by S. W. Alford and wife to the defendant in this case, they were in possession of the premises; their homestead right had not terminated, by abandonment or otherwise, and the plaintiffs' judgment was no lien on the premises.—Thompson on Homesteads, §§ 390–91, and cases cited in note.   The surrender of the possession to the grantee was an abandonment of the homestead, but that abandonment enures to the benefit of the grantee, not of the grantor's creditors, as has been expressly

[Alford v. Lehman, Durr & Co.]

decided in Illinois and Texas.—Thompson on Homesteads, § 483, and cases cited in note 2; *McDonald v. Crandall,* 43 Ill. These cases proceed on the idea of a distinction between a conveyance of the fee in the premises, and a conveyance of the homestead right; a distinction which was recognized in *Fellows v. Lewis,* 65 Ala. 343. By the express language of the statute, the prescribed form of acknowledgment applies only to conveyances of the homestead *right,* and not of the homestead premises in *fee;* and while the deed to the defendant was inoperative to pass the former, it was effectual as a conveyance of the fee, and the plaintiffs acquired nothing by the subsequent purchase at execution sale.—*Brown v. Coon,* 36 Ill. 246; *Fishback v. Lane,* 36 Ill. 437.

E. P. MORRISSETT, *contra,* cited *McGuire v. Van Pelt,* 55 Ala. 344; *Halso v. Seawright,* 65 Ala. 432; *Balkum v. Wood,* 58 Ala. 642; *Blum v. Carter,* 63 Ala. 235; *Tutwiler v. Munford,* 73 Ala. 308.

SOMERVILLE, J.—The action is ejectment, and a recovery can, of course, be had only on the legal title. The plaintiffs claim to have acquired this under the one or the other of two execution sales, made under process issued on a judgment rendered against one S. W. Alford, in December, 1878; the first of such sales having transpired in March, 1882, and the second in April, 1883. The defendant claims title by a deed of conveyance executed by said Alford and wife, bearing date in July, 1881.

The land in controversy, which consists of one hundred and sixty acres, is shown to have been occupied and duly claimed by the owner, S. W. Alford, as a homestead; and so long as he remained in such occupancy, no effort was made by the plaintiffs to subject it to the satisfaction of their judgment, although executions seem to have been regularly issued upon the judgment, so as not to permit the lapse of an entire intervening term.

We first consider whether the owner, or execution debtor, was seized of the legal title to the premises, at the time when either of these sales was made. This depends, it is easy to see, upon the legal validity of the deed made by himself and wife, in July, 1881. If this was a conveyance of the legal title to the defendant, J. C. Alford, who was grantee in the deed, there was no leviable interest remaining in the grantor, such as could be sold under execution; otherwise, there was. The Constitution declares that any mortgage, or other alienation of a homestead by the owner, if a married man, " shall not be valid, without the voluntary signature and assent of the wife to the same " (Const. 1875, Art. X, § 2); and section 2822 of the Code (1876)

[Alford v. Lehman, Durr & Co.]

provides, that such signature and assent "must be shown by the examination of the wife, separate and apart from the husband, touching the same," taken by acknowledgment, and certified in writing before the proper officer, the mode and form of such acknowledgment being specially designated. It is shown by the record, that the deed under consideration is without any such evidence of the wife's voluntary signature and assent, there being no certificate of her examination separate and apart from her husband. Such a deed, under the repeated decisions of this court, did not operate to convey any interest whatever in the homestead premises, but was a nullity.

In *Halso v. Seawright* (65 Ala. 431), it is said, that "any alienation, not conforming to this constitutional mandate— wanting in the essential element of the voluntary signature and assent of the wife—is incapable of passing any estate or interest in the homestead. It can not operate, by estoppel or otherwise, against the husband, though executed by him voluntarily, upon a valuable consideration; it is simply void—a nullity, to all intents and purposes." In *McGuire v. Van Pelt* (55 Ala. 344), the following language was used by BRICKELL, C. J.: "The conveyance of the husband alone is as invalid and inoperative, as would be the deed of a married woman conveying lands, not executed and acknowledged in the mode statutes may have enabled her to convey. It will not support ejectment against the husband, nor will it operate against the subsequent conveyance of husband and wife." This language is repeated in *Scott v. Simon*, 70 Ala. 352. In *Miller v. Marx* (55 Ala. 322, 338), speaking of the force and effect of such an attempted conveyance, STONE, J., said : "It is *invalid*, and confers no rights, present or prospective. To hold otherwise, would be to expose this most valued and cherished right to liens afterwards to attach, and to sale and *incumbrance of the reversion*, utterly subversive of its free and unembarrassed enjoyment as a homestead, and of the unrestrained power of sale as a means of acquiring another, or for some other lawful purpose, which the constitution secures to the husband and wife." In *Balkum v. Wood* (58 Ala. 642), it was said by the same judge, speaking for the court: "A mortgage of the homestead, without these formalities, is not regarded as a conveyance imperfectly executed, which may be afterwards perfected. Until properly acknowledged, it is no instrument—a nullity." In *Hood v. Powell* (73 Ala. 171), such a conveyance was held to be "a nullity;" and in *Slaughter v. McBride* (69 Ala. 510), was said to be "void," and held totally insufficient "as a muniment of title to support an action of ejectment." This view has been uniformly taken in all of our decisions construing this provision of our constitution.—*Cahall v. Citizens' Build-*

[Alford v. Lehman, Durr & Co.]

*ing Association*, 61 Ala. 232; *Seaman v. Nolen*, 68 Ala. 463; *Garner v. Bond*, 61 Ala. 84; *Vancleave v. Wilson*, 63 Ala. 387.

These decisions have failed to recognize any distinction between the conveyance of the homestead *premises*, and the mere *right* of homestead, which is recognized by some respectable authorities, and in support of which the appellant's counsel has made a most earnest and forcible argument. It is manifest that, if the owner were permitted to incumber the fee or reversion of his homestead, as distinguished from the mere right of undisturbed occupancy—and by a mode of alienation dispensing with the voluntary assent and signature of the wife—the provision of the constitution under discussion would have little more binding efficacy than a rope of sand, and its policy could be evaded by the husband with fatal facility. All that would be necessary, to effect such alienation, would be for the husband alone to convey or mortgage the premises one day, and abandon them the next; all of which might be done against the most earnest protest of an unwilling wife. We are of opinion, that the deed executed by S. W. Alford to the defendant, in July, 1881, was inoperative and void—conveying no estate or interest whatever to the grantee; and that the subsequent abandonment of the premises by the grantor rendered them liable to sale under execution,—his right of exemption ceasing with the cessation of his occupancy.—*Scaife v. Argall*, 74 Ala. 473; *Lehman v. Bryan*, 67 Ala. 558.

It is entirely immaterial, whether the plaintiffs acquired their title under the execution sale of March, 1882, or that of April, 1883; if they purchased a good legal title at either sale, they can clearly maintain the action of ejectment, under the facts of this case. It is shown that the first sale was made without a levy upon the property, and that some proceedings were taken in the Circuit Court, by which the plaintiffs claim to have set aside and vacated this sale on motion, because of this defect. Perhaps this sale, thus made without a levy, was void; and it may be that the effort to set aside the sale effected nothing, for want of notice to the defendant in execution. These questions we do not discuss, as we deem them immaterial. If the legal title passed by the first sale, and the sale was not vacated, that would be sufficient. Or, if the sale was void for want of a levy, the legal title still reposed in S. W. Alford, and passed to plaintiffs at the second sale. Or, again, if the proceedings in the Circuit Court operated to vacate the first sale, the second would then be effectual. In other words, the title must have passed to the plaintiffs under the one sale or the other, no irregularity whatever being shown in the proceedings by which the second sale was conducted. The only reason, therefore,

34

which can be urged, why the last sale did not convey the title, must be, that it had been divested out of the defendant in execution, and vested *eo instanti* in the plaintiffs, by the first sale. The argument thus defeats itself, and the objection to the admission of the second deed would be unavailing, because, if error, it would be error without injury.

We discover no error in the rulings of the court, and its judgment is affirmed.

CLOPTON, J., not sitting.