# McGhee *et al.* v. Wilson.

*Statutory Action of Ejectment.*

1. *Conveyance of right of way over homestead lands; invalid unless
wife joins in conveyance.*—The granting of a right of way for a rail-
road by a married man, through his homestead requires the consent
of his wife, (Const. Art. X, § 2 ; Code, § 2508) ; and a right of way over
the homestead granted and conveyed by the husband, by an instru-
ment in writing, duly executed by him, but in which the wife does
not join, is void, and has no operation against the husband, by estop-
pel or otherwise.


APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was a statutory action of ejectment, brought by
the appellee, A. J. Wilson, against C. M. McGhee, Henry
Fink and Samuel Spencer, as receivers of the East Ten-
nessee, Virginia & Georgia Railroad Company, to re-
cover a strip of land used by the railroad company as a
right of way, which passes through certain lands spe-
cifically described in the complaint.

The defendant claimed title to the land sued for un-

111  615
115  563
111  615
118  560
118  562
111  615
127  572
111  615
137  202
111  615
d139  231

der a conveyance which was executed by A. J. Wilson on April 18, 1889, to the Rome & Decatur Railroad Company, in which the grantor did "give, grant and convey unto the said R. & D. R. R. Co., their successors and assigns a quit claim title to a strip of land along such line as may be adopted by the said company, of sufficient width through said lot of land, the premises afore described, not exceeding fifty feet in width, conveniently to build said railroad, as well as all side tracks and turnouts, and necessary and sufficient for all purposes of keeping up and repairing the same, not to exceed twenty-five feet from the center of the main line to each side, making said strip not to exceed fifty feet full width; together with all the rights and appurtenances to said strip of land, belonging or appertaining, and also give and grant to said company the privilege and right to cut down along the line of said road through the lands aforesaid, all trees which by falling might encumber the track thereof. And A. J. Wilson, his heirs and assigns do hereby quit claim the right and title to said strip of land unto the said Rome & Decatur Railroad Co. against the claim of himself whatsoever."

The defendants regularly connected themselves with this deed, and showed possession in themselves and those from whom they deraigned title since the execution of said deed.

The evidence for the plaintiff tended to show that at the time of executing the deed he owned the lands through which he granted the right of way, and occupied said land as a homestead, together with his wife; and that there were 120 acres in the tract, and that his wife did not join with him in the execution of said deed.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment in favor of the plaintiff. The defendants appeal, and assign as error the rendition of this judgment.

DENSON & BURNETT, for appellants.—The wife's signature was not necessary, even if the lands involved in the suit constituted a homestead. The conveyance was only of an easement and not of a fee. The question as to the wife's signature in deeds to right of way over homestead is one of first impression in this State. But other

States having similar constitutional and statutory pro-visions, have decided that she did not have to sign. If appellants, or those under whom they claim, had sought by condemnation to have acquired this right of way, the wife would not have been a necessary party to the pro-ceedings. Then the law will regard that as well done which it would compel.—1 Beach on Railways, 300. The proposition contended for is squarely decided in the fol-lowing cases : *C. & S. W. R. R. Co. v. Swinney*, 38 Iowa 184; *Ottumwa &c. R. R. Co. v. McWilliams*, 32 N. W. Rep. 316; *Randall v. Tex. C. R. R. Co.*, 63 Tex. 586; *C., T. & M. C. R. Co. v. Titterington*, 19 S. W. Rep. 472; Lewis on Em. Domain, § 289.

Even if the deed is a nullity by reason of the wife not signing it, still the appellee was estopped to maintain this action by reason of the fact that he knowingly per-mitted those under whom appellant claims title to ex-pend money in the building of their road over the land. The appellee lived in half mile of the road while it was being constructed on this land, had, by his deed, at least, given them a license to build on it, and hold it, and he will not then be permitted to stand by and see appellant making the costly improvements, and then evict them. *S. & N. Ala. R. R. Co. v. A G. S. R. R. Co.*, 102 Ala. 236; *N. O. & S. R. R. Co. v. Jones*, 68 Ala. 49; *Pollard v. Maddox*, 28 Ala. 321.

DORTCH & MARTIN, *contra*.—The deed executed by the plaintiff to the lands sued for in this suit, which would be part of his homestead, was void, and therefore, passed no right or title to the grantees therein.—*Miller v. Marx*, 55 Ala. 322; *Balkum v. Wood*, 58 Ala. 642; *Scott v. Simons*, 70 Ala. 352; *Pilcher v. A. T. & S. F. R. R. Co.*, 38 Kan. 516.

COLEMAN, J.—The appellant, Wilson, instituted the statutory action of ejectment to recover a small strip of land. The material question argued by the appellant is, whether a right of way granted and conveyed by the husband, by a proper instrument duly executed by him, but in which the wife did not join, over the homestead, is valid and operative as against him. This question has been answered in the affirmative by the courts in Iowa and Texas.—*Chicago & Southwestern R. R. Co. v.*

*Swinney*, 38 Iowa, 182; *Ottumwa &c. R. R. Co. v. McWilliams*, 32 N. W. Rep. 315 ; *C., T. & M. C. Railway Co. v. Titterington*, 84 Texas, 218 ; *Randall v. Central Ry. Co.*, 63 Texas, 586.

In Lewis on Eminent Domain, section 589, the text is, that "the husband may make a valid grant of a right of way through lands belonging to him and occupied as a homestead." The above cases from Iowa and Texas are cited in support of the text.

In Smyth on Homestead & Exemptions, the author uses the following language in section 303 : "The power of the husband to grant right of way over the homestead without the wife's consent seems to be established by a late case in Iowa. The proposition, as heretofore generally understood and conceded, has been that the homestead should not only be protected from forced sale upon legal process, but that neither spouse could legally convey or incumber it, but it would seem that an easement is not to be regarded as affecting the title to the land, and that, therefore, the husband might grant a way over the homestead, so long as thereby he does not defeat the occupancy of it as such, upon the same principle that a husband having the control of the income from the homestead might lease such parts as were not in actual use by the family, or might farm out a part of it on shares. That he could alone grant an estate in it, even of the nature of an easement, which should be a permanent one and uncontrollable by the spouses, appears to be antagonistic to the general intentions of the framers of the constitution and laws as to homesteads, but the latest ruling upon the point favors the right of the husband so to do." The author cites the case from 38 Iowa, *supra*.

In the case of *Trickey v. Schlader*, 52 Ill. 78, the facts are not given. We notice the following statement in the opinion : "As this road was only an easement, and did not dispose of the fee, the question of a homestead right in the land by the surviving widow cannot arise."

We have no criticism to make of these decisions, or the law as declared by the text writers we have quoted. The decisions may accord with the law and its policy of those States. They do not accord with ours. Section 2507 of the Code of 1886 reads as follows : "The homestead of every resident of this State, with the improve-

ments and appurtenances, not exceeding in value two thousand dollars, and in area one hundred and sixty acres, shall be, to the extent of any interest he may have therein, whether a fee or less estate, or whether held in common or in severalty, exempt from levy and sale under execution or other process for the collection of debts contracted after 23d day of April, 1873, during his life and occupancy, and if he leave surviving him a widow and minor child or children, or either, during the life of the widow and minority of the child or children ; but the area of the homestead shall not be enlarged by reason of any incumbrance thereon, or of the character of the estate or interest owned therein by him."

Section 2508 is as follows :   "No mortgage, deed, or other conveyance of the homestead by a married man shall be valid without the voluntary signature and assent of the wife, which must be shown by her examination, separate and apart from him, before an officer authorized by law to take acknowledgment of deeds, and the certificate of such officer upon, or attached to such mortgage, deed, or other conveyance, which certificate must be substantially in the following form," &c.

These statutes are fully in harmony with the constitution of the State.—Paragraph 2, Article X of the Constitution.  By many decisions of this court, it has been held that any conveyance of the homestead by the husband alone, or defectively executed by the wife, is a nullity.—*McGuire v. Van Pelt*, 55 Ala. 345; *Miller v. Marx, Ib.* 322 ; *Balkum v. Wood*, 58 Ala. 642 ; *Garner v. Bond*, 61 Ala. 84 ; *Slaughter v. McBride,* 69 Ala. 510 ; *Scott v. Simons*, 70 Ala. 352 ; *Snedecor v. Freeman*, 71 Ala. 140 ; *DeGraffenried v. Clark*, 75 Ala. 425 ; *Crim v. Nelms*, 78 Ala. 604.

It has also been held that such invalid conveyances do not operate as an estoppel against the husband.—*Halso v. Seawright*, 65 Ala. 431 ; *Alford v. Lehman*, 76 Ala. 526 ; *Crim v. Nelms, supra.*

In *Jenkins v. Harrison*, 66 Ala. 345, it was held : "The constitutional provision which declares that a 'mortgage, or other alienation of the homestead,' by a married man, 'shall not be valid, without the voluntary signature and assent of the wife,' (Art. X, § 2), applies only to instruments which are perfected by delivery, and operative as conveyances ; and though an

instrument which is duly signed, sealed and acknowledged as a deed, but defective and inoperative as a deed for want of delivery, may be enforced in equity, as against the husband or his heirs, as a contract to convey, it cannot be so enforced as to the homestead."

The construction placed upon the constitutional provision and statutes of this State by these decisions, and the reasons therefor, are not in accord with the reasoning and conclusions of the courts in the cases cited as sustaining the proposition, that the husband can make a valid conveyance of right of way over the homestead without the voluntary assent of the wife, or that such a conveyance operates as an estoppel upon him, or that an agreement by him to convey may be specifically enforced.

In the well considered case of *Pilcher v. Atchinson, T. & S. F. R. R. Co.*, 38 Kan. 516, the court after reviewing the cases cited from Iowa and Texas, for reasons consistent with the decisions of this court, and which are entirely satisfactory to us, lay down the rule that "The husband cannot, without the consent of his wife, grant or alienate the right of way for a railroad across land owned by him and occupied as a homestead by his family."

In Waples on Homestead & Exemption, page 945, it is said : "Right of way is an easement of perpetual use, and is, therefore, almost equivalent to fee-simple title; it prevents the owner from the exercise of dominion. Could such an easement be granted without molesting the enjoyment of the homestead, there would seem to be no good reason why a married owner could not give it without the assent of the other marital partner, since, in such case, the incumbrance would not be such as to defeat the purpose of the law in protecting families in their homes. It can hardly be conceived, however, that a railroad can cross a farm, or the grounds of a town residence, without disturbing the dominion and enjoyment of the property. It is held, therefore, that the granting of right of way by a married man, through his homestead, requires the consent of his wife. Where there is no constitutional or statutory requirement that her consent must be established by written evidence, other testimony will suffice.

"Where the law allows the husband to lease the home-

stead without the consent of his wife, the reason for his inability to grant the right of way across it by his individual act may not apply; but there is difference between leasing for a time and granting right of way without limit as to duration."

The fact that the homestead exemption embraces one hundred and sixty acres in area when not in a city or town, is conclusive that the object was to provide something more than a mere house in which the family might reside. It is manifest that it contemplated a source from which a living might be derived for the family.

Conceding then that the instrument conveyed only a right of way, our conclusion is that if it conveyed a right of way over the homestead, not having been legally executed by the wife, the conveyance is null and void. We must not be understood as holding that the conveyance was limited to the right of way, and that it did not convey title to the strip of land. We have conceded the question for the argument only. The evidence not only authorized but justified the trial court in the conclusion, that the right of way granted was within the homestead of the grantor.

Affirmed.