# Cowan v. Southern Railway Co.

*Bill in Equity to have a Deed Conveying a Right of Way over a Homestead declared Null and Void, and for the Assessment of Damages for the Use of such Right of Way.*

1. *Conveyance of right of way over homestead land; invalid unless wife joins in conveyance.*—For the validity of the granting of a right of way to a railroad company by a married man through his homestead, it is necessary that the wife should consent thereto and join in the conveyance, (Const. Art. X, §2; Code of 1886, §2508; Code of 1896. §2032); and the conveyance by a husband of a right of way over a homestead, by an instrument in writing duly executed by him, but in which the wife does not join, is void, and has no operation against the husband by estoppel or otherwise.

2. *Equitable estoppel; when owner of lands estopped from maintaining ejectment for a right of way by a railroad; rights of owner.*—When the owner of land has knowledge of the fact that a railroad company is proceeding to locate and construct its road on its lands, and allows it to expend large sums of money for this purpose, without forbidding it to proceed, he is estopped from evicting said railroad by ejectment; and there only remains to the owner a right of compensation for the lands so used and occupied.

3. *Same; liability of railroad company for right of way; right of owner to maintain bill to recover compensation therefor.* One who permits a railroad company, without interference, to construct its road over his land, is not thereby estopped to claim compensation for the right of way so used; and when the right of way has not been acquired by the railroad company, either by valid conveyance or under *ad quod damnum* proceedings for such purpose, the owner can maintain a bill in equity to recover compensation for the taking and using his lands as a right of way.

4. *Same; same; injunction.*—Where the owner of lands files a bill, seeking to recover compensation from a railroad company for the use of his lands as a right of way. without having properly acquired them, if necessary. the bill will be made effective by injunction, until the damages are properly ascertained or until the railroad obtains the right of way in legal proceedings.

5. *Same; same; measure of damages.*—Where a railroad company

[Cowan v. Southern Railway Co.]

has entered upon the lands of another and constructed its road through them, without the owner's consent and without resort to statutory proceedings to condemn the right of way, the measure of compensation to which the owner is entitled, is not the increased value of the land at the time of the institution of the suit for the recovery of such compensation, caused by the improvements erected by the railroad company, but the value of the lands when taken by the railroad, and the injury or diminution in the value thereof caused to the contiguous lands, together with interest on the sum thus ascertained.

6. *Bill in equity against railroad for right of way over homestead; wife not a proper party.*—Where the owner, who is a married man, files his bill in equity to recover compensation from a railroad company for damages for using a part of his homestead as a right of way, upon his death, a suit should be revived in the name of his administrator; and if, in the bill of revivor, the widow of the deceased and his heirs are made parties complainant, there is a misjoinder.

7. *Conveyance of right of way over homestead land; invalid unless wife joins in conveyance; selection of homestead after sale does not change invalidity of deed.*—Where an instrument conveying a right of way over a homestead is void because the wife did not join therein, the fact that the homestead through which the right of way was conveyed, was selected from a body of land larger than the area provided by law, and that such selection was made after the void deed was executed, does not affect the invalidity of the deed or give to the grantee any greater rights thereunder, and does not estop the grantor from exercising his right to have the said deed declared null and void.

8. *Liability of railroad company for right of way; right to maintain bill against successor of original company.*—A bill in equity seeking compensation for a right of way over complainants' land, can be maintained against a railroad company which is shown to be the grantee or successor of the company which first took the land as a right of way, when it is shown that the defendant company had succeeded to the rights of the company, which built the railroad, and was, at the time of the institution of the suit, in possession of such right of way and operating the road.

APPEAL from the Chancery Court of Etowah.
Heard before the Hon. J. R. DOWDELL.

The original bill in this case was filed on July 26, 1895, by W. N. Cowan against the appellee, the Southern Railway Company. The facts averred in the original bill shows that the complainant, during his life time,

was seized and possessed of 300 acres of land in Etowah county, upon which he resided and made his home. That on August 12, 1886, while so residing upon said land, he executed a deed to one Printup, as president of the Rome & Decatur Railroad Company, conveying a strip of land, not to exceed 100 feet in width from northeast to southwest across the said 300 acre tract, for the purpose of building and operating a railroad of said company across said land; that at said time, the complainant, who was the grantor in said deed, was a married man, residing with his wife and family upon said lands, and that his wife did not join with him in said conveyance; that at the time of the execution of said deed, it was represented to the grantor that the line of railroad had been surveyed across said lands, and that the road would be built upon a certain line upon it, pointed out to the complainant, and which was described in the bill; and that the deed was intended to convey the strip of land along the line then pointed out; but that said railroad company located and constructed its line of railroad at a different point. It was further averred in the bill that the Rome & Decatur Railroad Company built its railroad during the year 1886, and that said railroad company and its successors have been in possession of said strip of land ever since, operating a railroad through and upon it; that said strip of land occupied by the railroad is 100 feet wide; that the Rome & Decatur Railroad Company sold to the East Tennessee, Virginia and Georgia Railroad Company, and that the latter company sold to the Southern Railway Company, the defendant in the present bill; and that the defendant is now operating a railroad through and upon said strip of land. It was further averred in the bill that upon May 7, 1895, the complainant, W. N. Cowan filed his declaration of claim of homestead in the office of the judge of probate of Etowah county, selecting and claiming out of the tract of 300 acres on which he resided, 160 acres, as a homestead; that the line of railroad in question was located across this 160 acres. It was also averred in the bill that the Rome & Decatur Railroad Company forcibly took possession of the strip of land different from that conveyed in the complainant's deed and built its railroad thereon.

[Cowan v. Southern Railway Co.]

The prayer of the bill was that the deed conveying the strip of land to the railroad company be declared null and void, and that a decree be rendered that the defendant and those under whom he claimed, wrongfully took possession of said lands, and that a reference be had to ascertain how much of the complainant's land had thus been appropriated, its value and the interest thereon; the damage to the balance of the land, and the value of the use and occupation of said strip; and that the defendant be required to pay the aggregate of said several sums to the complainant, and that if the defendant fails or refuses to pay said sum, that an injunction be issued to restrain the defendant, its officers and agents from operating the said railroad over, through and upon said strip of land, until the defendant pay or cause to be paid complainant's damages and cost of suit as ascertained.

Pending this bill, the complainant died. Thereupon, Catherine R. Cowan, as administratrix and widow of William N. Cowan, deceased, and A. J. Wilson, as administrator of the estate of said William N. Cowan, deceased, and the heirs-at-law of said William N. Cowan, filed a bill of revivor and supplement, on February 27, 1896, wherein the death of the original complainant was averred, and it was further averred that the lands, which had been set apart to the original complainants as a homestead, was duly set apart to Catherine R. Cowan, widow of the deceased, W. N. Cowan, as her homestead, under the statute; and that said lands were so set apart to her under proper proceedings of the probate court. It was then prayed in the said bill of revivor and supplement that the said suit should stand revived in the name of the complainants in the bill of revivor and supplement, and that said suit should be carried on and prosecuted between the parties in like manner as it would have been between the parties to the original suit.

The bill was subsequently amended by averring that the estate of the decedent, William N. Cowan, exceeded in value and area the exemptions allowed by statute; and that the 160 acres set apart to the widow did not exceed $2,000, and it was set apart in regular proceedings in the probate court, these proceedings being averred in detail.

To the bill as amended, the defendant demurred,

among others, upon the following grounds: 5. Said bill shows on its face that there was no right of action in William N. Cowan at the time of the filing of the original bill. 6. Said bill shows on its face that the cause of action as to Catherine R. Cowan originated since the filing of the original bill. 9. The bill as amended and revived, shows that the interest of Catherine R. Cowan accrued since the death of her husband, and that she took said homestead burdened with the easement of respondent's road-bed and right of way. 16. It shows on its face that the selection of the homestead by both W. N. Cowan and Catherine R. Cowan was from a large body of contiguous land, being more than three hundred acres, and was long after defendant had acquired its title to the lands in controversy. 17. Said bill as amended, revived and supplemented, does not show when this respondent succeeded to the rights and possession of the East Tennessee, Virginia and Georgia Railway Company. 18. It does not show for what part of said damages this respondent is liable.

On the submission of the cause upon the demurrers, the chancellor rendered a decree sustaining the grounds of demurrer above set forth, and overruling the other grounds of demurrer. The complainants appeal from this decree, and assign the rendition thereof as error.

JAMES AIKEN, for appellant.—The deed from the complainant to the railroad company was void by reason of the fact it undertook to convey a right of way over a homestead, and the wife did not join in the conveyance. *Marks v. Wilson*, 115 Ala. 561; *McGhee v. Wilson*, 111 Ala. 615; *Parker v. Barnett*, 104 Ala. 438; *Moses v. McClain*, 82 Ala. 370.

The complainant in this case was entitled to compensation for the right of way, and the granting and executing of the void deed was not sufficient to deprive him of such right.—*Thornton v. R. R. Co.*, 84 Ala. 109; *First Nat. Bank v. Thompson*, 116 Ala. 166; Elliott on Railroads, §1049.

After the death of the original complainant, the suit was properly revived.—Elliott on Railroads, §1025; *Marcy v. Howard*, 91 Ala. 133; *Drake v. Railway Co.*, 102 Ala. 501.

[Cowan v. Southern Railway Co.]

The bill in this case can be maintained against the defendant who was the grantee or successor in right of the railroad that built its line along the right of way.— Lewis on Eminent Domain, §618.

BURNETT & CULLI, *contra*.—The complainant had no right of action at the time of filing the bill. In 4 Rapalje & Mack's Digest of Railway Law, page 847, §1018, it is said that, "Where a land owner stands by without demanding compensation until a railroad is in operation, and public interests are involved, he can neither enjoin the company nor maintain ejectment, his only remedy being for the assessment of damages."—*L. &c. R. R. Co. v. Beck*, 21 N. E. Rep. 471; *A. G. S. R. R. Co. v. S. & N. Ala. R. R. Co.*, 102 Ala. 236, s. c. 84 Ala. 570. After the railroad has been completed, equity will not enjoin for compensation.—*Haywood v. Nooney*, 3 Barb. 646; *Griffin v. A. & K. R. R. Co.*, 70 Ga. 164; 4 Rapalje & Mack's Dig. 849, §1020.

If the complainant had no right to maintain this suit in his lifetime, no subsequent accruing right in his wife's name could give the bill equity. The right to recover compensation is only a chose in action, and can not be enforced by the widow or by injunction.—4 Rapalje & Mack's Railway Digest, 849, §1020; *Evansville & T. H. R. Co. v. Nye*, 113 Ind. 233, s. c. 15 N. E. Rep. 261.

There had been no selection of the homestead when the road was built. The statute gives the widow only such homestead as was occupied by the decedent at the time of his death as a home. We submit that the roadbed and the right of way could not fall within that category, for it was not so occupied by the decedent at the time of his death, but was occupied by the railroad, and had been for more than ten years before the amendment. Then she took it burdened with the easement of respondents. Until there was a selection of the homestead from the large body of land, there was no notice to the purchaser from the original vendee of Cowan. Until there was a selection, the claim of homestead could not prevail. This being long after the deed to respondent's vendors, could not retroact.—*DeGraffenreid v.*

[Cowan v. Southern Railway Co.]

*Clark,* 72 Ala. 426; *Goodloe v. Dean,* 81 Ala. 479; *Gardner v. Eberhart,* 82 Ala. 321.

HARALSON, J.—1. It has been definitely·settled in this State, that under our constitution and laws, a right of way over the homestead granted and conveyed by the husband in an instrument in writing, duly executed by· him, but in which the wife did not join, is void and has no operation as an estoppel or otherwise against the husband.— *McGhee v. Wilson,* 111 Ala. 615, and authorities there cited; *Alford v. Lehman,* 76 Ala. 526; *Marks v. Wilson,* 115 Ala. 561.

The deed of W. R. Cowan, executed by him alone, on the 12th August, 1886, in his lifetime, to the Rome & Decatur Railroad Company, of a right of way across lands which then constituted his homestead, in which his wife did not join, was, therefore, a nullity, and, as for any title it conveyed to the railroad company, the lands remained his own, as though said deed had never been executed.

2. The bill shows, clearly enough, however, that said railroad company, in entering upon said lands to build and operate its road, did so not as a trespasser, but with the knowledge and consent of the owner of the land. The road was built in the year 1886, by said company, soon after the execution of said deed, and has since been in its possession and operated by it, and the two succes·sor railroad companies, for a period of about nine years, before this bill was filed, without interference from, or protest by the owner of the land. The fact that the bill alleges as a conclusion, that the railroad company took forcible possession of said right of way, is of no significance, since the facts under which it took possession are fully averred and show that it entered on and took possession of the same by consent of the owner, W. N. Cowan.

Again, it is well settled, that when the owner of land has knowledge of the fact, that a railroad is proceeding to locate and construct its road on his lands, and he allows it to expend large sums of money for this purpose without interfering with or forbidding it to proceed, he is estopped from evicting it by ejectment. In such case, there only remains to him a right of compensation.—*S.*

& N. A. R. R. Co. v. A. G. S. R. R. Co., 102 Ala. 236; A.
G. S. R. R. Co. v. S. & N. A. R. R. Co., 84 Ala. 580; N. O.
& S. R. R. Co. v. Jones, 68 Ala. 49; Pollard v. Maddox,
28 Ala. 321, and authorities referred to in these cases.
See also Rapalje & Mack's Dig. of Railway Law, pp.
874-5, §§1073, 1074, and cases there cited; 6 Am. & Eng.
Encyc. of Law, 593-4, n. 1.

3. The original bill filed by W. N. Cowan, the owner
of the land, is one, as was properly held by the chancel-
lor, not in the nature of a suit in ejectment, nor an
action of trespass for damages, but one solely for com-
pensation for the taking and using the land of complain-
ant as a right of way by the railroad, not having made
compensation therefor, without having condemned the
same under ad quod damnum proceedings for such pur-
pose. It cannot be contended, that by permitting the
railroad company to construct its road and operate it
without interference, the owner estopped himself from
afterwards asserting his right to compensation for the
right of way. As touching such a contention and as
applicable to this case, we may appropriately apply
what was said by this court upon the same question in
Thornton v. Sheffield & B. R. R. Co., 84 Ala. 114, where
STONE, C. J., employed this language: "There is no
principle of estoppel against this claim, considered as a
mere demand for damages for the right of way. If she
[the complainant] were seeking to evict the corporation,
there might be something in the objection. That is not
the purpose of this suit. She claims only for the injury
done to the freehold; and that claim, under the aver-
ments of the bill, stands on the same meritorious
ground as if the railroad had been built, without prior
attempt to procure, or condemn the right of way. Such
acquiescence, to operate a bar, must be of sufficient dura-
tion to toll the entry.—N. O. & Selma R. R. Co., v. Jones,
68 Ala. 48; Jones v. N. O. & Selma R. R. Co., 70 Ala. 227;
Tenn. &c. R. R. Co. v. E. Ala. R. Co., 73 Ala. 426; 1
Wood's Railway Law, §209; Perkins v. Me. Cent. R. R.
Co., 72 Me. 95. The course adopted by the complainant
in this case, is fully justified by the authorities, and the
bill should be retained and made effective by injunc-
tion if necessary, until the damages are properly ascer-
tained, or until the railroad company obtains the right
of way in legal form.—Taylor v. C. R. & St. P. R. R. Co.,

25 Iowa, 371; *Browning v. Cam. & W. R. R. Co.,* 4 N. J. Eq. 17; *Gilman v. S. & F. R. R. Co.,* 40 Wis. 653; *Rusch v. M. L. S. & W. R. Co.,* 54 Wis. 136; 2 Wood's Railway Law, §246."—*McGhee v. Wilson,* 111 Ala. 615.

The just compensation to which the owner is entitled, is defined and fully stated, after careful consideration, in the case of *Jones v. N. O. & S. R. R. Co.,* 70 Ala. 227.

4. During the life of the husband, the title to the homestead is in the husband, and not in his wife. While it cannot be aliened by him without her voluntary signature and consent, that fact vests no legal or equitable title in her so long as her husband lives. During his life the wife may exercise a veto upon his right of aliention, and may enjoy the privilege of co-occupation by his permission, but she possesses no property in the premises. Her right accrues only at the date of the husband's death, and she takes it in its then condition, and burdened as it may be at that time.—*Seaman v. Nolen,* 68 Ala. 463; *Vancleave v. Wilson,* 73 Ala. 387; *Grider v. A. F. L. M. Co.,* 99 Ala. 281.

It follows, the wife was not a necessary or even a proper party to the proceeding. The recovery, whatever it may be, will be assets of the estate of the husband, to be disposed of in due course of administration. It was proper, therefore, to revive the suit, on the suggestion of the death of the husband, in the name of his administrators, but there was a misjoinder, as was held by the court below, in the bill of revivor, in making the widow of the deceased and his heirs parties complainant. Authorities *supra.*

5. The fact that the selected homestead was from a body of land larger than the homestead selected, and that the same was set apart after the owner, W. N. Cowan, executed his void deed to the railroad, was without force as a ground of demurrer to the bill.—*De Graffenried v. Clark,* 75 Ala. 425; *Goodloe v. Dean,* 81 Ala. 479; *Marks v. Wilson,* 115 Ala. 561.

If the bill does not show for what part of the compensation claimed, the defendant is liable, as objected on demurrer, it does show, that the defendant company had succeeded to the rights of the company which built the railroad, is now in possession of said right of way, and is operating the road. This is sufficient to sustain

the suit against the defendant, which, as successor to the Rome & Decatur Railroad Company, is liable to pay just compensation for appropriating to its uses a part of the homestead.—Lewis on Em. Domain, §618; *R. G. & E. P. R. Co. v. Ortiz*, 75 Texas, 602;s. c. 1 Am. R. R. & Corp. Cas. 344, and cases there cited.

From the foregoing it will appear wherein the rulings of the court on demurrer were erroneous.

Reversed and remanded.